L. J. UPTON & CO. v. S. W. FEREBEE AND ANTHONY AVERY.

(Filed 1 October, 1919.)

1. **Appeal and Error—Courts—Verdict Set Aside.**

Where a trial has proceeded upon the question of estoppel which has not been pleaded, as required, and the trial judge has set the verdict aside as a matter of law, without assigning his reason but with permission to the party to plead the estoppel, his action will be construed, on appeal, as based upon his own error, and his setting aside the verdict will not be held as erroneous.

2. **Estoppel—Landlord and Tenant—Tenants' Contracts—Landlord's Lien—Instructions.**

Where the landlord signs a contract for his tenant who cannot write, at his request, with a third person, under which the parties to the contract agree that the tenant should grow a crop upon the landlord's land for a division thereof, and the conduct of the landlord in signing the agreement for his tenant is sought to estop him from claiming a part of the crops under his statutory lien, and the evidence is conflicting as to whether the landlord read the lien, an instruction by the court should be explicit upon the question of the landlord's knowledge of the contents of the written contract and as to whether he intended to release the rents, and an instruction assuming these to be facts as a matter of law is reversible error.

The elements constituting estoppel discussed by ALLEN, J.

APPEAL by plaintiff from *Daniels, J.*, at May Term, 1919, of PAMLICO.

This is an action to recover fourteen barrels of Irish potatoes which the defendant Ferebee took possession of. On 13 November, 1916, L. J. Upton & Co. entered into a contract with one Anthony Avery, a tenant of Ferebee, which contract was signed for Anthony Avery, who could

not write, by S. W. Ferebee, who was his landlord. Under this contract the plaintiff and the defendant agreed to plant and grow on equal shares during the spring and summer season of 1917 a crop of Irish Cobbler potatoes. Upton furnished the seed potatoes, fourteen bags, furnished the fertilizer, on the basis of 2½ bags to each bag of seed potatoes, and the defendant Anthony Avery was to cultivate and harvest said crop. One-half of the crop was to be the property of Upton and the other one-half the defendant's. And under the seventh paragraph of the contract Upton & Co. agreed to purchase the one-half of the crop, the property of the defendant, at the price of $2.50 per barrel delivered on cars at Stonewall. It is admitted that all of the potatoes raised by Avery were grown from the seed potatoes furnished by Upton, that all the barrels were furnished by Upton, and all the fertilizer used to grow the potatoes was furnished by Upton.

The defendant Ferebee, after the potatoes were harvested and delivered to Upton at the railroad station, took fourteen barrels of the same, claiming them to be due him for rent.

The defendant set up his title as landlord in his answer, and there was no plea of an estoppel by the plaintiff.

His Honor charged the jury in part as follows:

"Now, I charge you, gentlemen, that if the evidence satisfies you by its greater weight that Ferebee knew that it was the intention of Upton to take and Avery to give a paper disposing of the whole of the potato crop to be grown on Ferebee's lands by Avery, and aided in the execution of the paper with this knowledge, and permitted Upton to furnish seed potatoes, fertilizer, and barrels under the terms of said paper to Avery, then Ferebee would be estopped to claim any of the potatoes, and you should answer the first issue 'Yes.'"

The jury returned the following verdict:

1. Are the plaintiffs owners of the property described in the complaint? Answer: "Yes."

2. What was the value of the potatoes at the time of the seizure? Answer: "$9 per barrel."

His Honor then set aside the verdict as matter of law and allowed the plaintiff to amend by pleading an estoppel, and the plaintiff excepted and appealed.

*Moore & Dunn attorneys for plaintiffs.*
*D. L. Ward and Z. V. Rawls attorneys for defendant.*

ALLEN, J. The judge presiding at the trial set aside the verdict as matter of law, without assigning any reason, and his ruling may be sustained upon the ground that the case was submitted to the jury upon

the question of estoppel when no such issue was raised by the pleadings.

"An estoppel which 'shutteth a man's mouth to speak the truth' should be pleaded with certainty and particularity. 8 Enc. Pl. & Pr., 11. The court should be able to see from the pleadings what facts are relied upon to work the estoppel" (*Porter v. Armstrong,* 134 N. C., 455), and this case does not come within the exceptions to the rule, holding that it is not necessary to plead an estoppel when it is apparent on the face of the record or when the pleadings are general as in ejectment or trespass and the party has had no opportunity to enter the plea (*Wilkins v. Suttle,* 114 N. C., 556; *Weeks v. McPhail,* 129 N. C., 73), because in his answer the defendant alleges the tenancy and his claim as landlord, thus affording the opportunity to meet these allegations by pleading the· facts relied on to create the estoppel.

This seems to have been the opinion of his Honor as he made the order a part of his judgment that the plaintiff be "allowed to amend his complaint as he.may be advised, setting up an estoppel against the defendant Ferebee."

We are also of opinion the charge was not sufficiently specific and that it omitted an important and material element of an estoppel *in pais* or by conduct.

In view of the conflict in the evidence as to the circumstances attending the execution of the contract between the plaintiff and the defendant Avery, the plaintiff offering evidence that Ferebee read the contract and the defendant denying this, there ought to have been some explanation of what was meant by aiding in the execution of the paper and of the difference in legal effect between signing the name of Avery because he could not write and doing so after reading.

There is, however, a more serious objection to the charge in that it collects the evidentiary facts relied on by the plaintiff, and instructs the jury, if found to exist, they constitute an estoppel, leaving out of consideration that the conduct of the defendant must be ·the equivalent to a representation that he would make no claim as landlord, and was so understood by the plaintiff, and relying thereon the plaintiff entered into the contract, and furnished fertilizer, etc.

In other words, the agent of the plaintiff who negotiated the contract and the defendant both testifying that nothing was said about rents or of the rights of the landlord, it was for the jury to say whether the conduct of the defendant amounted to a representation, which was relied on by the plaintiff, while his Honor decided these questions as matter of law.

Mr. Pomeroy, in Equity Jurisprudence, V. 2, sec. 805 (2d Ed.), states the following as the requisites of an estoppel *in pais* or equitable estoppel: "1. There must be conduct—acts, language, or silence—

amounting to a representation or a concealment of material facts.  2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him.  3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time when such conduct was done, *and at the time when it was acted upon by him.*  4. The conduct must be done with the intention, or at least with the *expectation,* that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon.  There are several familiar species in which it is simply *impossible* to ascribe any *intention* or even *expectation* to the party estopped that his conduct will be acted upon by the one who afterwards claims the benefit of the estoppel.  5. The conduct must be relied upon by the other party, and thus relying, he must be held to act upon it.  6. He must in fact act upon it in such a manner as to change his position for the worse."

The same principles are declared in *Lumber Co. v. Price,* 144 N. C., 57, and *Hardware Co. v. Lewis,* 173 N. C., 295, and in *Boddie v. Bond,* 154 N. C., 365, where the Court says: "In order to constitute an equitable estoppel there must exist a false representation or concealment of material fact, with a knowledge, actual or constructive, of the truth; the other party must have been without such knowledge or, having the means of knowledge of the real facts, must not have been culpably negligent in informing himself; it must have been intended or expected that the representation or concealment should be acted upon, and the party asserting the estoppel must have reasonably relied on it or acted upon it to his prejudice.  16 Cyc., 722; Eaton's Equity, p. 169.  It is a species of fraud which forms the basis of the doctrine, and to prevent its consummation is its object."

In this case there was no concealment of any fact as the agent of the plaintiff knew he was contracting with a tenant and that Ferebee was the landlord, and if it was the intention to release rents and was so understood, it is strange that Ferebee was not asked to make himself a party to the contract.

There is no error in setting aside the verdict.

No error.