W. T. YANCEY AND WIFE, LAURA C. YANCEY, AND EDWARD A. MORTON AND WIFE, ALICE G. MORTON v. LOUISE H. WATKINS, WIDOW; LOUISE H. WATKINS, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF G. B. WATKINS, DECEASED; LOUISE H. WATKINS, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF G. B. WATKINS, DECEASED, FOR CHARLES THOMAS WATKINS, MINOR; LOUISE H. WATKINS, GUARDIAN OF CHARLES THOMAS WATKINS, A MINOR, AND CAROLYN LOUISE WATKINS CHEATHAM AND HUSBAND, JOHN GORDON CHEATHAM, JR.

No. 689SC271

(Filed 23 October 1968)

1. Estoppel § 4— equitable estoppel — pleading and proof

In order to raise the doctrine of equitable estoppel, the pleadings and the evidence must show, *inter alia*, that (1) the party against whom the

estoppel is alleged had knowledge of the true facts at the time misrepresentation or concealment of a material fact was made, and that (2) the truth respecting the representation was unknown to the party claiming benefit of the estoppel at the time it was made.

**2. Partition § 4— plea of sole seizin**

Where respondents in a proceeding for partition deny that petitioners own any interest in the land, the proceeding is converted into a civil action to try title.

**3. Estoppel § 7— pleading of equitable estoppel**

A party relying on the doctrine of equitable estoppel must plead the doctrine with particularity.

**4. Appeal and Error § 10— motion to amend pleadings**

Court of Appeals denies appellant's motion to be allowed to file additional or amended pleadings pursuant to Rule of Practice 20(c) in order to interpose a plea of estoppel *in pais*, appellant's evidence being insufficient to support the plea.

APPEAL by petitioners Yancey from *Bowman, S.J.,* at the April 1968 Session of GRANVILLE Superior Court.

This was originally a special proceeding to sell land for partition. The petition alleged that petitioners W. T. Yancey and E. A. Morton and respondents were tenants in common of a certain tract of land in Walnut Grove Township, Granville County, containing approximately 178 acres; that said petitioners each owned a one-third interest and respondents owned the remaining one-third; and that actual partition could not be made without injury to some or all of the parties.

Respondents answered and pleaded sole ownership of two-thirds interest in the realty; they admitted that E. A. Morton owned one-third interest but denied that Yancey owned any interest. By consent, an order was entered providing for a sale of the lands, with one-third of the proceeds to be paid to respondents, one-third to petitioners Morton, and the remaining one-third paid into the clerk's office pending final determination of ownership.

Jury trial was waived by all parties. It was stipulated at the trial that petitioners Yancey (appellants) did not have any recorded or unrecorded deed or other paper writing of any nature purporting to convey any interest in the subject property to them.

Appellants' evidence included the following: A deed from T. Lanier, trustee, to R. C. Watkins, dated 3 November 1924, conveying 178-acre tract; a deed for a one-third undivided interest in the land in question from R. C. Watkins and wife to Bessie C. Morton,

containing the following recital: "That Whereas, on the 5th day of November, 1924, R. C. Watkins purchased the land hereinafter described, and by a written contract agreed to convey to S. V. Morton and W. T. Yancey a one-third interest each in said land, upon payment by each of them of $314.50; AND WHEREAS, S. V. Morton, in his lifetime, paid said sum to R. C. Watkins but never procured a deed for his interest in said land * * *"; a deed for a one-third undivided interest in the land in question from Bessie Morton to Edward A. Morton, petitioner herein; records indicating G. B. Watkins was sole heir of R. C. Watkins; a tax abstract for the year 1958 signed by G. B. Watkins, indicating that the lands in issue were listed for taxes in the name of G. B. Watkins, W. T. Yancey and E. A. Morton; paid checks for two-thirds of the taxes on the lands in issue for each of the years 1963, 1964, 1965 and 1966, drawn on the account of G. B. Watkins and W. T. Yancey; record of a bank deposit made in the year 1966 showing checks by Yancey, Watkins and Morton issued to the depositor for survey work; and 1943 tax listings in the name of W. T. Yancey, R. C. Watkins and Bessie Morton. Respondent appellees are heirs at law and beneficiaries under the Last Will and Testament of G. B. Watkins, who died in January 1967.

The evidence disclosed that appellant, W. T. Yancey, and G. B. Watkins jointly owned several parcels of real estate and that the subject property was wooded land.

At the close of petitioners' evidence, respondents' motion for judgment as of nonsuit was allowed. Petitioners Yancey appealed.

*Royster & Royster and Hicks & Taylor by Edward F. Taylor for petitioner appellants.*

*Watkins & Edmundson for respondent appellees.*

BRITT, J.

The first question presented by this appeal is whether the pleadings and evidence offered by the appellants, when taken in the light most favorable to them, are sufficient to sustain the doctrine of equitable estoppel and thus withstand a motion for nonsuit.

[1]　The essentials of an equitable estoppel (also known as estoppel *in pais*) are set forth in the case of *Boddie v. Bond*, 154 N.C. 359, 70 S.E. 824, as follows:

> "1. Words or conduct by the party against whom the estoppel is alleged, amounting to a misrepresentation or concealment of material facts.

"2. The party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue.

"3. The truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made and at the time they were acted on by him.

"4. The party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel, or by the public generally.

"5. The representations or conduct must have been relied and acted on by the party claiming the benefit of the estoppel.

"6. The party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party be permitted to deny the truth thereof."

These criteria have been repeatedly cited, approved and applied. *In re Will of Covington,* 252 N.C. 546, 114 S.E. 2d 257; *Hawkins v. Finance Corp.,* 238 N.C. 174, 77 S.E. 2d 669; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889; *Thomas v. Conyers,* 198 N.C. 229, 151 S.E. 270; *Sugg v. Credit Corporation,* 196 N.C. 97, 144 S.E. 554.

Appellants failed to offer sufficient evidence to invoke the doctrine of equitable estoppel. In many respects they failed to meet the criteria set forth in *Boddie v. Bond, supra.* For example, they offered no proof showing knowledge of the true facts by appellees or their predecessor in title as required by criteria 2. Furthermore, assuming that R. C. Watkins and G. B. Watkins made representations to the effect that W. T. Yancey owned one-third interest in the property, Mr. Yancey, of all people, was in position to *know* if he had complied with his alleged agreement with R. C. Watkins and had obtained a deed for his interest in the property; thus, criteria 3 is not met, as the truth respecting the representations was not unknown to W. T. Yancey.

The trial judge properly allowed the motion for judgment as of nonsuit.

[2, 3]   Appellees contend that inasmuch as appellants did not plead equitable estoppel, they cannot properly rely on the doctrine. This contention is sound.

Where respondents in a proceeding for partition deny that peti-

tioners own any interest in the land, the proceeding is converted into a civil action to try title. *Skipper v. Yow,* 249 N.C. 49, 105 S.E. 2d 205.

In *Alley v. Howell,* 141 N.C. 113, 53 S.E. 821, the plaintiffs, in an action to try title, alleged that they were "owners and entitled to the possession." It was held that evidence of fraud in the treaty and undue influence were properly excluded, the court saying: "This has been the settled practice and rests upon the principle of fair play, that those matters only should be contested at the trial which come within the scope of the allegations. It is true, the averments here omitted were matters of equitable jurisdiction under the former system of pleading, but it is not on that ground that they are required to be pleaded, but because when the plaintiffs merely allege, as here, that they are 'owners and entitled to the possession,' the defendant has notice only that his legal title is assailed." This was cited in *Toler v. French,* 213 N.C. 360, 196 S.E. 312, which case also held that an equitable defense must be pleaded in order to be proved.

In *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209, it is stated: "But matters in the nature of an estoppel *in pais,* whether relied upon affirmatively, or by way of defense, must be pleaded."

It is fairly clear that a defendant must plead the doctrine of estoppel with particularity, except in cases of ejectment from possession or trespass, or where it is apparent from the face of the record. *Upton v. Ferebee,* 178 N.C. 194, 100 S.E. 310.

[4]     Appellants have filed a motion in this Court asking that they be allowed to file additional or amended pleadings as provided in Rule 20(c) in order to interpose a plea of estoppel *in pais,* if in the opinion of the Court such plea is necessary to the equitable determination of the rights of the parties.

Due to the insufficiency of appellants' evidence to support their plea of equitable estoppel, nothing would be gained by granting their motion to amend their pleadings; therefore, the motion is overruled.

The judgment of the Superior Court is

Affirmed.

BROCK and PARKER, JJ., concur.