SERVOMATION CORPORATION, PLAINTIFF v. HICKORY CONSTRUCTION COMPANY, DEFENDANT AND THIRD PARTY PLAINTIFF v. MILLER-BROOKS ROOFING COMPANY, THIRD PARTY DEFENDANT

No. 8325SC1012

(Filed 4 September 1984)

**Arbitration and Award § 2— waiver of arbitration**

Defendant by its conduct waived its contractual right to arbitration when it filed an answer and a third party complaint for indemnity, submitted interrogatories to plaintiff, and moved only in the alternative for an order staying the legal action and compelling plaintiff to arbitrate.

APPEAL by defendant Hickory Construction Company from *Walker, Russell G., Jr., Judge.* Judgment entered 24 June 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 7 June 1984.

Defendant Hickory Construction Company, a general contractor, built a warehouse and office facility for plaintiff and in doing so subcontracted the roofing part of the construction to the third party defendant, Miller-Brooks Roofing Company, which concern is not involved in this appeal. The construction was substantially completed in November, 1975 when plaintiff occupied the building, though final payment on the contract was not made until 26 March 1976. The roof began to leak in early 1979 and upon being notified by plaintiff defendant took corrective measures, but without success. In February, 1981 plaintiff notified the architect of the problem, but it still was not corrected. In May, 1981 plaintiff had the roof examined by an independent engineering testing company, which reportedly found that the roofing materials and installation were defective. This suit for damages allegedly resulting from the claimed defects was filed on 19 March 1982. In its answer filed 28 April 1982 defendant pled several defenses, including plaintiff's initial failure to channel its complaints through the architect and its subsequent failure to submit the dispute to

arbitration, both of which the contract required. Defendant also filed a third party complaint for indemnity against its subcontractor, and served numerous interrogatories on plaintiff, which were answered on 1 October 1982. On 4 May 1983 defendant moved for summary judgment based on its statute of limitations defense and on certain contractual limitations, and in the alternative also moved for an order staying the legal action and compelling plaintiff to arbitrate. From the judgment denying these motions, defendant appeals.

*Rudisill & Brackett, by Keith T. Bridges, for plaintiff appellee.*

*Patrick, Harper & Dixon, by Stephen M. Thomas, for defendant appellant Hickory Construction Company.*

PHILLIPS, Judge.

The central issue presented by this appeal is whether the trial court erred in refusing to direct plaintiff to seek arbitration and to stay the lawsuit pending the conclusion thereof. We preliminarily note that an order denying arbitration, though interlocutory, is appealable immediately because it involves a substantial right that might be lost if appeal is delayed until the lawsuit is concluded. *Sims v. Ritter Construction, Inc.*, 62 N.C. App. 52, 302 S.E. 2d 293 (1983).

The contract between the parties contains the American Institute of Architects Document A201, entitled "General Conditions of the Contract for Construction," several provisions of which relate to settling claims and disputes thereunder. Article Two provides that any matters in dispute between the contractor and the owner relating to execution or progress of the work or interpretation of the contract shall be initially referred to the architect, and that any matter so referred, except those relating to artistic effect, "shall be subject to arbitration upon the written demand of either party," once the architect has rendered, or has had a reasonable time to render, a written decision. Article Seven provides that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . .," subject to certain exceptions not here applicable, "shall be decided by arbitration . . . unless the parties mutually agree otherwise." This section also sets out the procedure for obtaining

arbitration. Finally, A201 provides that duties, obligations, rights, and remedies imposed or available pursuant to the contract shall be "in addition to and not a limitation of" any imposed or available by law.

Although G.S. 1-567.3(a) and (d) authorize the court to stay litigation and compel arbitration where parties have contracted to arbitrate their disputes, the right to arbitrate, as other contract rights, "may be impliedly waived through the conduct of a party to the contract clearly indicating such purpose." *Adams v. Nelsen*, 67 N.C. App. 284, 287, 312 S.E. 2d 896, 899 (1984). The contract between plaintiff and defendant provided for mandatory arbitration of disputes thereunder, and the question is whether defendant's participation in the lawsuit in the manner and to the extent shown by the record constituted a waiver of its right to enforce the agreement to arbitrate. In *Cyclone Roofing Co. v. LaFave Co.*, 67 N.C. App. 278, 312 S.E. 2d 709 (1984), this Court found that defendant had waived arbitration as a matter of law by participating in that lawsuit considerably less than defendant participated in this one. In that case, defendant's participation consisted only of invoking the court's jurisdiction by filing a permissive cross-claim and demanding a jury trial both on plaintiff's claim and its cross-claim. In this case, however, in addition to filing an answer and third party complaint for indemnity, defendant submitted some 61 interrogatories to plaintiff, many of which had numerous sub-questions, all of which were answered by plaintiff before defendant moved for a stay. Furthermore, the stay motion was not even filed until more than a year after the suit was filed, and then did not demand arbitration straight out, but rather requested it "in the alternative," in the event summary judgment on the other defenses was denied. All this conduct was inconsistent with the right to immediately require arbitration and, in our opinion, waived the right as a matter of law. We note that under the rule laid down in some of the federal cases, which was endorsed by the dissenting opinion in *Cyclone Roofing Co. v. LaFave Co., supra,* participating in litigation is not deemed to waive arbitration unless the opposing party has been prejudiced thereby. *See Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F. 2d 329 (4th Cir. 1971); *Siam Feather, Etc. v. Midwest Feather Co.*, 503 F. Supp. 239 (S.D. Ohio 1980). But even under that rule, defendant's participation in this lawsuit clearly waived its arbitra-

tion rights, since it obtained much information from plaintiff, to the latter's manifest detriment, through its extensive use of discovery.

Defendant also argues that the trial court erred in refusing to grant summary judgment based on its statute of limitations defense, and contends that the breach of contract action was not filed within three years after it accrued. Although an order denying summary judgment is interlocutory and hence not normally appealable unless a substantial right of one of the parties is affected, we exercise our discretion to review this part of the order also. This action was filed on 19 March 1982. Our examination of the record and briefs shows that the only theory on which defendant could potentially succeed on this defense is that the cause of action accrued upon the roof first leaking in 1979; which we think is untenable, at least on this record, since nothing else appearing the law does not encourage unnecessary litigation by expecting parties to sue general contractors under a building contract simply because a leak in the roof occurs. But even if we accept the view that the cause of action accrued when the plaintiff first became aware of the roof leak, the record does not support defendant's claim that it is barred by the statute of limitations. First, the record does not clearly establish that the complaint was filed more than three years after the roof leak was first discovered; it only indicates that a leak was discovered "in 1979" and the complaint was filed on 19 March 1982. Second, according to such evidence as is recorded, defendant was estopped by its conduct from maintaining that the cause of action accrued upon the leak being discovered. Because there is uncontradicted evidence in plaintiff's response to defendant's interrogatories that upon being notified of the leak in March, 1979, defendant represented that it would get back in touch with plaintiff when they "found the roofing bond or what the problem was," but had not done so, and that the corrective measures thereafter attempted by defendant and the subcontractor were without success. Equity will deny the right to assert the statute of limitations defense "when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Nowell v. The Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 579, 108 S.E. 2d 889, 891 (1959). And under the circumstances presented plaintiff had a right to rely upon defendant

doing what it represented would be done, and to defer going to court during the interim. Needless to say, perhaps, our decision is based on the record as it now stands, and beyond that we do not speculate.

Affirmed.

Judges WEBB and JOHNSON concur.