DUKE UNIVERSITY v. ROBERT L. STAINBACK, ELIZABETH STAINBACK
AND INVESTOR'S CONSOLIDATED INSURANCE COMPANY

No. 8614SC542

(Filed 20 January 1987)

1. Appeal and Error § 55— judgment on the pleadings denied—no review on appeal from final judgment in trial on merits

Denial of a motion for judgment on the pleadings is not reviewable on appeal from a final judgment in a trial on the merits.

2. Estoppel § 4.3— recovery of medical costs—pleading of statute of limitations—equitable estoppel

In an action to recover for the costs of medical care rendered to defendant's son, the trial court did not err in finding that defendant was equitably estopped from pleading the statute of limitations as a bar to plaintiff's cause of action where the trial judge found that defendant's attorney made statements to plaintiff which caused plaintiff reasonably to believe that it would receive payment once the case between defendant and his insurer was decided, and plaintiff therefore failed to commence this action until the other action was complete and plaintiff was informed by defendant's counsel that he would not pay the bill.

Judge ORR dissenting.

APPEAL by defendant from *Wiley F. Bowen, Judge.* Judgment entered 1 October 1985 in Superior Court, DURHAM County. Heard in the Court of Appeals 22 October 1986.

*Powe, Porter and Alphin, P.A., by Edward L. Embree III and Bryan E. Lessley, for plaintiff appellee.*

*Bobby W. Rogers for defendant appellant.*

BECTON, Judge.

Plaintiff, Duke University Medical Center (Duke) sought to recover medical expenses for services rendered to Robert L. Stainback, Jr., from his parents, Robert L. and Elizabeth Stainback, and their insurer, Investor's Consolidated Insurance Com-

pany (Investor's). The trial judge found Robert L. Stainback liable for the entire balance due, notwithstanding that the statute of limitations may have run against Duke's claim, because Stainback was equitably estopped from pleading the statute of limitations as a bar. Stainback appeals. We affirm.

## I

Robert L. Stainback, Jr. was admitted to Duke on 21 May 1977 for treatment of injuries sustained in a bicycle-automobile accident. He was nine years old at the time. His father, Robert L. Stainback was legally responsible for his son's medical bills and, in addition, signed a written statement accepting personal responsibility for the costs.

The medical expenses amounted to $42,812.90. The Midsouth Insurance Company paid $2,000 on the bill in June 1978. Stainback, himself, paid a total of $8,584.95 with his last payment credited on 1 November 1979. The balance of $32,227.95 was not paid.

Stainback was also insured by Investor's. However, Investor's denied coverage and refused to pay any portion of the bill. Stainback initiated suit against Investor's on 2 August 1978. He was represented by Bobby Rogers. Judgment was entered for Stainback on 13 May 1982 for $39,606.90, plus interest. Although Duke was aware of the suit between Stainback and Investor's, it neither joined nor intervened in that suit.

The following factual findings to which Stainback takes exception were nonetheless supported in the record. On 15 August 1978 Bobby Rogers informed Duke by letter that suit had been filed against Investor's. Also in the summer of 1978, Rogers told Duke that he was attempting to secure payment by Investor's of the balance of Stainback's bill and that he "would keep Duke informed of the situation."

Mr. Rogers advised a Duke representative by telephone on 26 October 1983 that he would not pay the bill. Duke initiated this action on 18 November 1983.

## II

[1]  Stainback first assigns as error the trial court's denial of his motion for judgment on the pleadings. Like motions for summary

judgment and failure to state a claim for relief, a motion for judgment on the pleadings is an interlocutory order and is not appealable. *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384 (1952). Also, denials of motions for summary judgment and failure to state a claim are not reviewable on appeal from a final judgment on the merits. *Harris v. Walden*, 314 N.C. 284, 333 S.E. 2d 254 (1985) (Denial of motion for summary judgment not reviewable after case decided on the merits.); *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 340 S.E. 2d 755 (1986) (Denial of motion for failure to state a claim not reviewable on appeal after case decided on the merits.). The rationale for nonreviewability after a trial on the merits is that the purpose of these preliminary motions — to bring litigation to an early decision on the merits when no material facts are in dispute — can no longer be served after there has been a trial. To grant review of these denials "would allow a verdict reached after a presentation of all the evidence to be overcome by a limited forecast of the evidence." *Harris*, at 286, 333 S.E. 2d at 256. A similar rationale applies to denials of motions for judgment on the pleadings. The purpose of judgment on the pleadings is to avoid an unnecessary trial when an affirmative defense bars suit. Thus, permitting review of a denial after a judgment on the merits would allow a preliminary assertion of an affirmative defense to overcome a judgment reached after a full examination of the equities involved at trial. We hold that denial of a motion for judgment on the pleadings is not reviewable on appeal from a final judgment in a trial on the merits.

[2]  Stainback's final assignment of error — that the trial court committed reversible error in finding that he was equitably estopped from pleading the statute of limitations as a bar to Duke's cause of action — is the only issue properly before this Court. Stainback had a contractual obligation to pay Duke. The parties agreed in their briefs that Stainback made payments on 9 January 1978 and 1 November 1979. North Carolina General Statute Section 1-52(1) (1983) provides that a three-year statute of limitations is applicable to an action based on breach of contract. Stainback failed to make any payment for more than four years prior to Duke initiating this action. We therefore find that the three-year statute of limitations has run and would bar Duke's claim.

However, the doctrine of equitable estoppel may be invoked, in a proper case, to prevent a defendant from relying on the statute of limitations. *See Nowell v. Great Atlantic and Pacific Tea Company*, 250 N.C. 575, 108 S.E. 2d 889 (1959); *Servomation Corp. v. Hickory Construction Co.*, 70 N.C. App. 309, 318 S.E. 2d 904 (1984). "The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him. . . . Its compulsion is one of fair play." *McNeely v. Walters*, 211 N.C. 112, 113, 189 S.E. 114, 115 (1937). "Actual fraud, bad faith, or an intent to mislead or deceive is not essential to invoke the equitable doctrine of *estoppel in pais.*" *Watkins v. Motor Lines*, 279 N.C. 132, 139, 181 S.E. 2d 588, 593 (1971). Rather "it is sufficient that the debtor made representations which misled the creditor, who acted upon them in good faith, to the extent that he failed to commence action within the statutory period." *Watkins*, 279 N.C. at 139, 181 S.E. 2d at 593 (1971) quoting 51 Am. Jur. 2d, Limitation of Actions, Sec. 433.

In the case *sub judice* there are specific findings, supported by competent evidence, of conduct by Stainback's attorney which was designed to mislead Duke. The trial judge, as trier of fact, found that Stainback's attorney made statements to Duke which caused Duke to reasonably believe it would receive payment once the case between Stainback and Investor's was decided. Stainback's final assignment of error is without merit.

We affirm.

Judge WELLS concurs.

Judge ORR dissents.

Judge ORR dissenting.

The facts of this case are insufficient in my opinion, as a matter of law, to apply the doctrine of equitable estoppel. A review of the record finds only two instances in which the defendant's attorney, Rogers, communicated with plaintiff, Duke University. In June of 1978, Rogers told Duke that he was attempting to secure payment to his client by Investor's of the balance of Stainback's bill and that he "would keep Duke informed of the situation."

Secondly, on 15 August 1978, defendant's attorney informed Duke by letter that suit had been filed against Investor's.

These two incidents are clearly inadequate to support the majority's holding that Stainback was equitably estopped from pleading the statute of limitations. Likewise, there is no evidence or finding of fact to support the trial court's conclusion that the actions of Stainback's attorney justifiably induced Duke to refrain from suing Stainback or to believe that they would be paid from the proceeds of the lawsuit against Investor's.

The essential elements of an equitable estoppel are set forth in *Yancey v. Watkins*, 2 N.C. App. 672, 163 S.E. 2d 625 (1968) (quoting *Boddie v. Bond*, 154 N.C. 359, 70 S.E. 824 (1911)) as follows:

1. Words or conduct by the party against whom the estoppel is alleged, amounting to a misrepresentation or concealment of material facts.

2. The party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue.

3. The truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made and at the time they were acted on by him.

4. The party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel, or by the public generally.

5. The representations or conduct must have been relied and acted on by the party claiming the benefit of the estoppel.

6. The party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party be permitted to deny the truth thereof.

2 N.C. App. at 674-75, 63 S.E. 2d at 626-27.

In the case *sub judice*, there is no evidence of a misrepresentation. Stainback's attorney on two occasions informed Duke

about *what* was happening in regard to Stainback's efforts to collect the insurance proceeds. Those statements attributed to the attorney, Rogers, neither misrepresent the situation nor conceal any material fact. According to the record, there is no evidence that Rogers or Stainback at any time asked Duke to forego its right to sue Stainback within the time frame of the applicable statute of limitations or promised to pay Duke from any insurance proceeds collected from the suit. Nor is there evidence in the record of Duke relying on the alleged misrepresentations to their detriment.

Even under the standard set forth in *Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971), cited by the majority, there is insufficient evidence from which the trial court could have found that Rogers' representations misled Duke, who acted upon them in good faith to the extent that Duke failed to commence the action within the statutory period.

It would appear that invoking the doctrine of equitable estoppel in this case as a means of avoiding the statute of limitations hinges upon the successful recovery of insurance proceeds by Stainback. Would the majority still hold that Duke is entitled to a judgment based on equitable estoppel had Stainback been unsuccessful in recovering insurance proceeds or recovered the exact amount which he, personally, had previously paid Duke?

Statutes of limitation are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all. "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action." *Congleton v. City of Asheboro*, 8 N.C. App. 571, 573, 174 S.E. 2d 870, 872 (1970).

The evidence showed that after 9 July 1980, Duke made no effort to collect this account from anyone. There was obviously ample opportunity prior to the running of the statute of limitations for Duke to protect its rights. However, Duke failed to pursue any such course of action. As the trial court's findings of fact point out, ". . . Duke made no effort to intervene or otherwise join in Stainback's action against Investor's to protect its [Duke's] interests."

Equitable estoppel must rest in part on a misrepresentation, a concealment of a material fact or a misleading statement upon

which the creditor relied—not the successful efforts by a debtor to collect insurance proceeds due him. Duke sat on its right to sue and must bear the burden of failing to pursue the matter in a timely and appropriate fashion. Equitable estoppel should not apply in this case and Duke's claim should have been dismissed.