*Norris v. Belcher*

————————————

CHARLES NORRIS v. MARY McCLOUD BELCHER, J. A. BELCHER, JR., AND JEWEL LEE MINTER, CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF JOHN ANTHONY BELCHER, DECEASED, AND WILLIAM PARKER

No. 8629DC1254

(Filed 21 July 1987)

Limitation of Actions § 14— breach of contract—accrual of action—oral acknowledgment insufficient to extend period of limitation

Plaintiff's claim to recover on a contract was barred by the statute of limitations, and the trial court erred in concluding that defendants were equitably estopped to plead the statute of limitations where the most the evidence disclosed was that defendants orally promised to pay, and there was no showing of a written promise as required by N.C.G.S. § 1-26.

Judge PHILLIPS dissenting.

APPEAL by defendants from *Guice, Judge.* Judgment entered 5 June 1986 in District Court, TRANSYLVANIA County. Heard in the Court of Appeals 1 June 1987.

This is a civil action wherein plaintiff seeks to recover $6,936.00 for the balance due on a contract. In his complaint, filed 1 August 1983, plaintiff alleged that in January 1973, John A. Belcher, deceased, and defendant Parker contracted with him to "do grading and hauling work" on a housing development in Transylvania County, North Carolina, that he completed the work in a workmanlike manner, and that he demanded payment under the terms of the contract. Plaintiff further alleged that John A. Belcher and defendant Parker assured him "year after year" that they would pay him, but that he was never paid. Defendants filed an answer, and a motion to dismiss alleging that plaintiff's claim was barred by the three-year statute of limitations, G.S. 1-52.

After a trial by the judge without a jury, the trial court made findings and conclusions and entered a judgment for plaintiff in the amount of $6,702.40.

Defendants appealed.

*Averette & Barton, by Donald H. Barton, for plaintiff, appellee.*

*Ramsey, Hill, Smart, Ramsey & Pratt, P.A., by Michael K. Pratt, for defendants, appellants.*

HEDRICK, Chief Judge.

The determinative question raised on this appeal is whether the trial court erred in concluding that "the conduct of Defendants William Parker and John Anthony Belcher, deceased, in repeatedly assuring the Plaintiff of forthcoming payment estops them from asserting the defenses of the statute of limitations." It is undisputed that the last work performed by plaintiff for defendants pursuant to the contract giving rise to the indebtedness sued upon was no later than 1975, and that suit was not instituted until 1 August 1983. It is clear that plaintiff's claim against defendants would be barred by the applicable statute of limitations, G.S. 1-52, unless defendants were equitably estopped, as the trial court concluded, from relying on the statute of limitations as a bar to plaintiff's claim.

It is manifest from the judgment entered that the trial judge based his conclusion that defendants were equitably estopped to plead the statute of limitations on the findings that from the period of 1974 until 1983 John A. Belcher and defendant Parker informed plaintiff "on numerous occasions" that they would pay him the amount due under the contract. These findings are supported by the evidence in the record tending to show that plaintiff, on one occasion in 1974, asked John A. Belcher to pay him and asked defendant Parker for payment on about twenty different occasions between the time he completed the work and 1982. Plaintiff testified that each time he discussed his bill with defendant Parker or John A. Belcher, that they told him that they would pay him. In our opinion this evidence and these findings of fact fall far short of supporting the conclusion that defendants are equitably estopped from asserting the statute of limitations as a defense. *See Yancey v. Watkins*, 2 N.C. App. 672, 163 S.E. 2d 625 (1968).

G.S. 1-26 provides as follows: "No acknowledgment or promise is evidence of a new or continuing contract, from which the statutes of limitations run, unless it is contained in some writing signed by the party to be charged thereby; but this section does not alter the effect of any payment of principal or interest." A new promise to pay a debt fixes a new date from which the statute of limitations runs, but under G.S. 1-26 such a promise must be in writing to be binding. *Pickett v. Rigsbee*, 252 N.C. 200, 113 S.E. 2d 323 (1960). Partial payment of a debt also starts the statute of limitations running anew, but only when it is made under circumstances which indicate that the debtor recognizes the debt as existing and his willingness, or at least his obligation, to pay the balance. *Battle v. Battle*, 116 N.C. 161, 21 S.E. 177 (1895).

In our opinion, the most the evidence and findings of fact disclose in the present case is that defendant Parker and John A. Belcher orally promised to pay. Although plaintiff received his wages of $4.50 per hour while he worked on the housing development, John A. Belcher and defendant Parker have made no payments of the remaining amount due under the contract or given any written promises to pay from 1975 until this suit was instituted in 1983. In our opinion, it is clear that plaintiff's claims are barred by G.S. 1-52, and the trial judge erred in concluding

Norris v. Belcher

that defendants were equitably estopped to plead the statute of limitations. The judgment must be reversed and the cause remanded to the district court for entry of an order dismissing plaintiff's claims. Since we are ordering that plaintiff's claim must be dismissed, it is unnecessary for us to address defendants' remaining assignments of error.

Reversed and remanded.

Judge ORR concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In addition to the finding stated in the majority opinion—that on numerous occasions between 1974 and 1983 the deceased and his partner promised to pay plaintiff what was due him—the court also found as facts that: Their promises to pay plaintiff were false; they were made with the intent that plaintiff should rely upon them; plaintiff did rely upon them; plaintiff's reliance upon the false promises was reasonable; and through defendants' false promises plaintiff was induced to forego suing defendants until 1983. Since these findings are supported by competent evidence they are the established facts of the case; and in my view they lead unerringly and correctly to the legal conclusion that the defendants are estopped from asserting the statute of limitations in defense of plaintiff's claim. Having dishonestly induced plaintiff not to sue them while he could have effectively done so, can a court of law correctly permit them to build a defense to the case on their own chicanery? I say not, and vote to uphold the judgment of the trial court.