MURPHY, Judge.
There are two appeals before us resulting from a contract Evangel Worship Center, Inc. ("Evangel") entered into with K Construction & Roofing, LLC ("KCR"). Evangel hired KCR to repair warehouses that were damaged by storms in 2013. KCR subcontracted with International Property Developments, LLC d/b/a Signature Group ("Signature") to provide water remediation services. Signature was not paid in full by KCR and served Evangel with a claim of lien upon funds for its unpaid services. Evangel argues that damages awarded to Signature in quantum meruit at trial were improper. In its separate appeal, Signature contends it was improper for the trial court to grant Evangel's motion for summary judgment on the lien upon funds claim and the motions for summary judgment by Bank of the Ozarks ("Ozarks"), the successor-in-interest of the bank holding the mortgage on Evangel's property, on the equitable lien and constructive trusts claims.
Where a case has proceeded to trial and has been determined on the merits by the trier of the facts, denial of summary judgment is not appealable. Additionally, a damages award is proper where supported by competent evidence and calculated correctly by crediting a previous payment. Additionally, a lien upon funds is only valid where a balance remains due on the contract. Furthermore, if no payments were made over the claim of lien upon funds, then there is nothing to which the lien can attach. Neither an equitable lien nor a constructive trust are available remedies where adequate remedies at law were available to the seeking party, especially as here, where another party had a secured contractual right to the proceeds being sought. Accordingly, we dismiss Evangel's appeal of the summary judgment order, affirm the trial court's grants of summary judgment for Evangel and Ozarks, and affirm the valuation of the awarded damages.
BACKGROUND
In 2013, a warehouse complex owned by Evangel was damaged by severe thunderstorms.[1] The roofs in several of the buildings collapsed causing water damage, and Evangel filed a claim with its insurance carrier. Evangel entered into a contract with KCR to remediate and repair the warehouses. The contract between Evangel and KCR provided that KCR was to be paid when the insurance carrier paid Evangel. KCR hired Signature as a subcontractor to perform all necessary water remediation services for Evangel's property.
KCR performed temporary repairs to the buildings, and Signature performed drying services between 11 - 21 July 2013. The project was temporarily halted on approximately 21 July 2013 due to a dispute between Evangel and its insurance carrier, and Evangel brought a separate suit against the insurance carrier.
In August 2013, after being paid by KCR for seventy-five percent of the work already performed, Signature resumed water remediation work at Evangel's property. After Signature completed its work on the project, Signature served a Notice of Claim of Lien Upon Funds on Evangel and KCR on 14 December 2013. An Amended Notice of Claim of Lien Upon Funds was received by Evangel on 23 January 2014. Evangel settled with its insurance carrier and settled with Ozarks in exchange for canceling the Deed of Trust against the property in September 2014.[2]
Signature maintains the insurance proceeds were required to be used to pay KCR, which in turn would have been used to pay Signature and satisfy its claim of lien upon funds. Signature brought suit on 11 February 2015 in Cabarrus County Superior Court against KCR, Evangel, and Ozarks alleging breach of contract against KCR, quantum meruit against KCR and Evangel, claiming a lien upon funds, and claiming an equitable lien against Ozarks on the insurance proceeds.
Evangel and Ozarks each moved for summary judgment. Evangel's motion for summary judgment seeking dismissal of the quantum meruit claim was denied, but summary judgment was granted as to the claim of lien upon funds. Ozarks's motion for summary judgment as to the equitable lien claim was granted. The trial court allowed Signature to file an amended complaint alleging a constructive trust over funds received by Ozarks. Ozarks filed another motion for summary judgment. Ozarks's motion as to the constructive trust was granted, and, with no other claims against Ozarks remaining, it was dismissed from the case.
The remaining parties agreed to try the case without a jury, and, after Signature rested its case, Evangel made a Rule 41(b) motion for involuntary dismissal as to Signature's quantum meruit claim. The trial court denied Evangel's motion, and judgment was entered against Evangel on the quantum meruit claim. Evangel appealed the denial of its motion for summary judgment and the award of damages to Signature. Signature appealed the trial court's grants of summary judgment in favor of Evangel and Ozarks.
ANALYSIS
A. Evangel's Issues on Appeal
Evangel contends in its opening brief on appeal that the trial court erred in denying its motion for summary judgment on Evangel's quantum meruit claim, awarding damages when Signature failed to sufficiently prove damages, and not considering a previous payment made to Signature when calculating damages. We conclude that the denial of Evangel's motion for summary judgment is not appealable and the damages award is supported by competent evidence.
1. Denial of Summary Judgment
Evangel assigns error to the trial court's denial of its motion for summary judgment. However, our Supreme Court has made clear that, "[a]fter there has been a trial, [the purpose of summary judgment] cannot be served. Improper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury." Harris v. Walden , 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985). Evangel contends that such a rule is inapplicable when questions of fact need not be decided at trial. However, the Court in Harris makes no such caveat in its holding that "the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits." Harris , 314 N.C. at 286, 333 S.E.2d at 256. This case has been determined on the merits by a trier of fact, and a final judgment has been entered. Therefore, denial of Evangel's motion for summary judgment is not appealable.
2. Damages
Evangel next contends that, because Signature was not able to produce drying logs and moisture maps, important records for water remediation services, it presented insufficient evidence to ascertain or measure lost profits with reasonable certainty. We disagree.
"The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.' " Cartin v. Harrison , 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (quoting Sessler v. Marsh , 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001) ). Findings of fact that are supported by competent evidence are binding on appeal. State v. Williams , 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008).
"Damages are never presumed. The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule." Harrell v. W.B. Lloyd Const. Co. , 41 N.C. App. 593, 596, 255 S.E.2d 280, 282 (1979). The trier of facts "must base its decision [about damages] on evidence relating to the value of the thing sold. Without some evidence to establish that fact, it cannot answer. To do so would be to speculate." Id .
Here, there is competent evidence to support the damages arising from the drying services performed by Signature. Signature submitted weekly invoices to KCR, which were produced at trial. Additionally, Signature provided testimony from multiple witnesses that discussed the drying services Signature performed. A competitor of Signature further testified that Signature's rates were "within reason." Accordingly, this evidence is competent to support the damages award.
3. Credit for Previous Payment
Finally, Evangel challenges whether the trial court properly calculated its liability to Signature. Evangel maintains the trial court's calculation of damages in the amount of $ 323,701.74 does not take into account $ 105,751.21 previously paid to Signature by KCR. We disagree.
The trial court concluded, "[t]here is a contract balance of $ 761,894.20 owed by KCR to Signature ...." The contract balance was calculated as follows: $ 15,250.42 remained outstanding for the services rendered prior to the insurance settlement (Phase One), $ 664,259.03 for services rendered after the insurance settlement (Phase Two), and a supplemental amount of $ 82,384.76, resulting in a total of $ 761,894.21. We conclude that Evangel's obligation took into account the $ 105,751.21 Evangel seeks to deduct. The Phase One damages were only $ 15,250.42 because KCR's previous payment of $ 105,751.21 was included in that calculation. The trial court then reduced the $ 761,894.20 to $ 323,701.74 for reasons uncontested on appeal. Therefore, the trial court's determination of the contract balance and the amount Evangel was obligated to pay Signature are consistent.[3]
B. Signature's Issues on Appeal
Signature argues the trial court erred by improperly granting Evangel's motion for summary judgment on the claim of lien upon funds claim and Ozarks's motions for summary judgment on the equitable lien and constructive trust claims. "Our standard of review on appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal , 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) ).
1. Evangel's Motion for Summary Judgment - Claim of Lien Upon Funds
Signature argues summary judgment was improperly granted for Evangel because the trial court based its judgment on the conclusion that a notice of claim of lien upon funds has no value unless the obligor has made a wrongful payment over the notice. Specifically, Signature contends there is an issue of material fact as to whether there were funds owed by Evangel to KCR. We disagree.
Signature was a first tier subcontractor for this project. N.C.G.S. § 44A-7 (2017). As a result, Signature had the right to file "a lien upon funds that [were] owed to the contractor with whom the first tier subcontractor dealt and that [arose] out of the improvement on which the first tier subcontractor worked or furnished materials." N.C.G.S. § 44A-18(a) (2017). Signature also had the separate right as a first tier subcontractor to file a subrogation claim of lien on real property pursuant to N.C.G.S. § 44A-23(a). N.C.G.S. § 44A-23(a) (2017) ("A first tier subcontractor may, to the extent of its claim, enforce the claim of lien on real property of the contractor ...."). However, Signature chose not to file a subrogation claim of lien on real property and only pursued a claim of lien upon funds. Signature's argument that the lien upon funds converted to a lien on real property is, therefore, without merit.
Evangel's actions did not violate Signature's rights under the claim of lien placed upon funds. The lien upon funds gave Signature the right to any payments Evangel would make to KCR. Lewis-Brady Builders Supply, Inc. v. Bedros , 32 N.C. App. 209, 211, 231 S.E.2d 199, 200 (1977) ("[A] lien in favor of plaintiff could attach only to funds owed by owner to contractor. If there were no funds owed by owner to contractor, and none were thereafter to become due, G.S. 44A-20(a) would impose no duty upon owner ....") However, there was no evidence of a payment made by Evangel to KCR after the lien upon funds had been placed by Signature. Signature's counsel acknowledged during summary judgment arguments that "there is no evidence that [Evangel] made payment to K[CR] so that's not at issue." Accordingly, summary judgment was properly granted in favor of Evangel.
Additionally, we find Signature's argument on this to be of no consequence due to Ozarks's rightful priority to the insurance proceeds. Ozarks's deed of trust required Evangel to insure the property, and Evangel's insurance policy stated that the "mortgageholder[, Ozarks,] has the right to receive loss payment ...." Therefore, Ozarks had a contractual right to the insurance proceeds Evangel received under the insurance policy. Fidelity Bankers Life Ins. Co. v. Dortch , 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986) ("[A]n insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. It follows from this rule that those persons entitled to the proceeds of [an] ... insurance policy must be determined in accordance with the contract.") (citations omitted). This deed of trust on Evangel's property preceded Signature's work by six years and, thus, had priority over Signature's lien upon funds. See Metropolitan Life v. Rowell , 113 N.C. App. 779, 440 S.E.2d 283 (1994) ; see also Pete Wall Plumbing Co., Inc. v. Sandra Anderson Builders, Inc. , 215 N.C. App. 220, 721 S.E.2d 220 (2011).
2. Ozarks's Motion for Summary Judgment - Equitable Lien
"An equitable lien arises '[w]here property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched.' " Embree Const. Grp., Inc. v. Rafcor, Inc. , 330 N.C. 487, 496, 411 S.E.2d 916, 923 (1992) (quoting Restatement of Restitution § 161 (1937) ). "However, an equitable lien is available only where a party has no adequate remedy at law." James River Equip., Inc. v. Tharpe's Excavating, Inc. , 179 N.C. App. 336, 345, 634 S.E.2d 548, 555 (2006).
Signature's argument that the trial court erred in granting Ozarks's motion for summary judgment on the equitable lien fails for two reasons. First, Signature had an adequate remedy at law - its ability to file a subrogation lien on real property under N.C.G.S. § 44A-23, but failed to do so. Signature cannot claim that its lien upon funds attached to the insurance proceeds because these proceeds were not owed to KCR as the contractor. See N.C.G.S. § 44A-18(a) (2017) ("A first tier subcontractor ... shall have a lien upon funds that are owed to the contractor with whom the first tier subcontractor dealt ....").
Second, Ozarks was not unjustly enriched by the insurance proceeds to which it had a contractual right. Ozarks issued a $ 2,650,000 loan to Evangel and received a deed of trust on the real property on 17 August 2007. Evangel insured the real property through a casualty policy that named Ozarks as the mortgagee/loss payee. The insurance policy contained a mortgage clause that provided, "[t]he mortgageholder has the right to receive loss payment even if the mortgageholder has started foreclosure or similar action on the building or structure." Moreover, the deed of trust requires insurance proceeds to be applied to restoration or repair of the real property, or, "[i]f the restoration or repair is not economically feasible and Lender's security would be lessened, the insurance proceeds shall be applied to the Secured Debt, whether or not then due ...." Ozarks had the first-priority right to the insurance proceeds under the deed of trust recorded on 17 August 2007, six years prior to the first furnishing of any labor or materials by KCR or Signature. See N.C.G.S. § 44A-10 (2017) ("A claim of lien on real property granted by this Article shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property."). Summary judgment was, therefore, properly granted in Ozarks's favor.
3. Ozarks's Motion for Summary Judgment - Constructive Trust
Signature argues "questions of material fact existed regarding key triable issues" and that Ozark's "acquisition of the settlement funds was accomplished in an unconscientious manner." We disagree.
A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust.
Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC , 365 N.C. 520, 530, 723 S.E.2d 744, 751 (2012) (quoting Wilson v. Crab Orchard Dev. Co. , 276 N.C. 198, 211, 171 S.E.2d 873, 882 (1970) ).
As discussed above, Signature's claim for a constructive trust also fails where unjust enrichment is not applicable due to Signature's available remedies at law and Ozarks's contractual rights to the insurance proceeds. Ozarks owed no duty to forfeit its contractual rights for the benefit of Signature. Accordingly, summary judgment was properly granted in Ozarks's favor.
CONCLUSION
Evangel's appeal of the order denying its motion for summary judgment is not properly before us, and there was competent evidence at trial to support the damages awarded to Signature. Evangel's motion for summary judgment was properly granted against Signature's lien upon funds claim, as there was no payment made to KCR by Evangel after being served with the claim of lien upon funds. Finally, Ozarks's motions for summary judgment were properly granted where Signature could not establish that Ozarks had been unjustly enriched.
DISMISSED IN PART; AFFIRMED IN PART.
Report per Rule 30(e).
Chief Judge McGEE and Judge HUNTER, JR. concur.

Bank of the Carolinas, whose successor in interest is Ozarks, recorded a Deed of Trust against Evangel's real property in 2007. The Deed of Trust required: "If the restoration or repair [of the property] is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the Secured Debt, whether or not then due, with any excess paid to Grantor."

No notice of claim of lien upon funds was served on Ozarks, and Ozarks maintains it was not aware of the lien upon funds claim when it received payment and canceled Evangel's Deed of Trust. However, Evangel's pastor stated that he told Ozarks's representatives several days before they entered into a settlement agreement that "[Signature] had produced some sort of lien."

We note that Evangel's brief mentions that this perceived error was brought to the attention of the trial court after judgment was rendered. The trial court advised all parties that the judgment amount was correct.