WILLIAM EDGAR PEGRAM v. PINEHURST AIRLINES, INC.

No. 8510SC471

(Filed 18 March 1986)

**Negligence § 39— towing airplane—last clear chance—failure to instruct error**

In an action to recover for personal injury sustained by plaintiff when an airplane operated by defendant's employees pinned him against the tug he was using to tow the airplane, the trial court erred in failing to instruct on the issue of last clear chance where the evidence tended to show that plaintiff could not accelerate the tug away from the oncoming aircraft and could not jump from the tug without endangering his life so that he could not extricate himself from the position of peril in which he had negligently placed himself; two of defendant's agents were positioned so as to keep a lookout for any possible problems and plaintiff was yelling "stop" while an airport fire truck was honking its horn to warn of the dangerous condition; the plane was traveling so slowly that it could have been stopped in time to avoid collision with the tug had defendant's agents been exercising a proper lookout; defendant's agents failed to use the brakes so as to avoid the impending injury to plaintiff and applied the brakes only after plaintiff had been injured; and plaintiff received severe injuries to his diaphragm and stomach which required hospitalization and surgery.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 10 December 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 31 October 1985.

*Emanuel and Emanuel by Robert L. Emanuel and George W. Kane III for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan by James G. Billings for defendant appellee.*

COZORT, Judge.

Plaintiff instituted this action seeking damages for personal injury he received when an airplane operated by employees of Pinehurst Airlines, Inc., pinned him against the tug he was using to tow the airplane. The defendant Pinehurst Airlines, Inc.,

stipulated to its negligence. The trial court instructed the jury on the issue of contributory negligence. The trial court denied the plaintiff's requested instruction on the issue of last clear chance. From a majority verdict finding plaintiff contributorily negligent, plaintiff appeals alleging that the trial court erred in failing to instruct the jury on the issue of last clear chance. We agree. The evidence follows.

Plaintiff William Pegram testified that on the evening of 7 November 1979 he was summoned to the Raleigh-Durham Airport because the defendant's plane had stalled and was blocking two airport runways. At that time plaintiff was the Operation Coordinator at the airport. Plaintiff went to the airport to assist in moving the stalled aircraft, a 68-foot-long twin engine jet weighing 55,000 pounds. Under usual circumstances a tow bar would have been used to tow the aircraft; however, a tow bar was not available for this specific aircraft because neither the airport nor the defendant had the appropriate tow bar. After several unsuccessful attempts to tow the plane, it was agreed that a tug would be used to pull the plane. A tug is a four wheel, open cab vehicle. A chain approximately 25 feet long was attached to the tug and the other end was attached to the right landing gear of the plane. The pilot, Captain Joseph Hudspeth, got into the plane and was seated in the pilot's seat which was located on the left-hand side of the plane. An employee of the defendant was placed in the co-pilot's seat on the right-hand side as a lookout and another employee was positioned at a cargo door or walking along the right main tire close to the right front side of the main landing gear of the plane as a lookout. Only the pilot, who could not see the plaintiff in the tug, could steer and brake the airplane.

As the towing procedure began, plaintiff shouted "turn" to the lookouts. The lookouts relayed this message to the pilot. The pilot refused to turn the aircraft. When the pilot realized he was going to run off the runway, he abruptly turned the aircraft toward the tug. The airplane began to accelerate down an incline and overtake the tug. The plaintiff yelled "stop" to the lookouts. Plaintiff tried to accelerate the tug but was unable to do so. The towing chain hit the runway. Thomas Sanders was following the airplane in an airport fire truck. Sanders testified that as soon as he saw the chain hit the ground, he sounded the horn of the fire truck to alert the crew of the plane to the danger. The tire of the

plane ran over the towing chain. As the plane overtook the tug, Pegram moved the propeller to keep it from hitting him in the head. The engine cowling of the aircraft smashed into the tug, pinning Pegram between the plane and the steering wheel of the tug. Plaintiff suffered serious injuries.

Sanders testified that 10 seconds elapsed between the time the chain hit the ground and the plane hit Pegram. He also stated that the plane was moving between 1½ and 2½ m.p.h. Captain Hudspeth testified by way of deposition that the airplane was moving at a slow walk. Hudspeth also testified that the lookout turned to him and said, " 'Stop.' And I stopped. And I said, 'What's the matter?' He says, . . . 'You've hit the tow vehicle . . . .' " Hudspeth indicated the brakes of the plane were in proper working order during the towing procedure and that the tug was lit, so that there should have been no problem seeing it.

Plaintiff contends that the trial court below erred by failing to instruct the jury on the issue of last clear chance. A plaintiff is entitled to an instruction on last clear chance when the evidence considered in the light most favorable to the plaintiff establishes each and every element of the doctrine, which are the following: (1) plaintiff, by his own negligence, placed himself in a position of peril from which he could not escape; (2) defendant saw, or by the exercise of reasonable care should have seen and understood, the perilous position of plaintiff; (3) defendant had the time and the means to avoid the accident if defendant had seen or discovered plaintiff's perilous position; (4) the defendant failed or refused to use every reasonable means at his command to avoid impending injury to plaintiff; and (5) plaintiff was injured as a result of defendant's failure or refusal to avoid impending injury. *Wray v. Hughes*, 44 N.C. App. 678, 262 S.E. 2d 307, *disc. rev. denied*, 300 N.C. 203, 269 S.E. 2d 628 (1980). Considering the evidence in the light most favorable to the plaintiff, we hold that the plaintiff established every element necessary to require the issue to be submitted to the jury.

Plaintiff has satisfied the first element, that he could not escape by exercise of reasonable care from the position of peril in which he negligently or inadvertently placed himself. Plaintiff's evidence tended to show that plaintiff could not accelerate the tug away from the oncoming aircraft and could not jump from the

tug without endangering his life. It is reasonable to conclude that the plaintiff could not extricate himself from the position of peril in which he had negligently placed himself. *Grogan v. Miller Brewing Co.*, 72 N.C. App. 620, 325 S.E. 2d 9 (1985).

Plaintiff has satisfied the second element that defendant, through its agents, knew, or by the exercise of reasonable care should have seen and understood, the perilous position of plaintiff. The plaintiff's evidence tended to show that two of the defendant's agents were positioned so as to keep a lookout for any possible problems: one in the cockpit and one at the cargo door. The pilot indicated that the distance from the tug to the plane was not great and there should have been no problem seeing the tug. Plaintiff was yelling "stop" and an airport fire truck was honking its horn to warn of the dangerous condition. In the light most favorable to the plaintiff, the evidence tended to show that had the defendant's agents maintained a proper lookout, they would have been able to discover plaintiff's perilous position.

The third element of the doctrine of last clear chance, that defendant's agents had the time and means to avoid the injury to the plaintiff by exercise of reasonable care after the discovery of plaintiff's perilous position, has been satisfied by the plaintiff. The plaintiff's evidence tends to show that 10 seconds elapsed from the time the chain hit the ground and the plane collided with the plaintiff. The plaintiff's evidence indicated that the plane was traveling between 1½ and 2½ m.p.h., or at a slow walk, and that the plane could be stopped, if not almost immediately, then at least before the plane would collide with the tug. From this evidence it is reasonable to conclude that had defendant's agents been exercising a proper lookout by the exercise of reasonable care, they had the time and the means to avoid the accident.

The plaintiff's evidence satisfies the fourth element of the doctrine. The defendant's agents failed to use the brakes so as to avoid the impending injury to the plaintiff. The plaintiff did not have the means to stop the plane. The evidence shows that the pilot applied the brakes only after the plaintiff had been hit by the plane. The final element of the doctrine has been satisfied by the plaintiff. The plaintiff's evidence tended to show that he received severe injuries to his diaphragm and stomach which required hospitalization and surgery. From the facts presented, we

find that the trial court erred by failing to instruct the jury on the issue of last clear chance.

Having determined the first assignment warrants a new trial, we find it unnecessary to address the plaintiff's remaining assignments of error.

New trial.

Judges WEBB and BECTON concur.