IN THE MATTER OF THE WILL OF LILLIE C. JOLLY

No. 8717SC845

(Filed 5 April 1988)

**Wills § 11— lost or destroyed will—photostat copy—accepted as will**

The evidence was sufficient to establish, as the jury found, that a paper writing offered for probate was the last will and testament of the propounder's aunt, that the testatrix never changed her mind about leaving her property to the propounder at her death, and that she neither destroyed her will nor intended to revoke it where the testatrix executed her last will and testament in 1977 in the office of an attorney, leaving all of her property to the propounder in fee simple; she took the original will with her when she left the lawyer's office and that was the last time it was seen; she told several relatives in the years that followed that she had willed all of her property to the propounder and implied that she had done so because he had agreed to help her as needed; the propounder was the testatrix's primary caretaker, making appointments for her, driving her to the doctor, dentist and hospital, managing her finances and paying her bills, often doing her grocery shopping, and frequently telephoning and visiting; the propounder arranged for another nephew of the testatrix, who was also respondent's son, to stay with the testatrix at night after the testatrix returned home from a hospitalization in 1979; testatrix never compensated propounder for his services nor expressed any disappointment with him, but stated on several occasions that she was pleased with him, the last statement being a week before her final hospitalization; the testatrix gave propounder a stack of personal papers the Thanksgiving or Christmas before she died; the photostat copy of the will offered into evidence was found among those papers after her death; the only other place the testatrix kept important papers was in a footlocker at the end of her bed; the final time the testatrix became ill, the respondent, a sister of the testatrix, was there and called the propounder to come to the house and take her to the hospital; and a search of the testatrix's home and footlocker after her death uncovered no sign of the original will.

APPEAL by respondent Pauline C. Norman from *John, Judge.* Judgment entered 11 June 1987 in Superior Court, SURRY County. Heard in the Court of Appeals 3 February 1988.

*R. Lewis Alexander for petitioner appellee Ricky T. Cockerham.*

*W. David White for respondent appellant Pauline C. Norman.*

PHILLIPS, Judge.

Respondent's appeal is from a judgment based upon a jury verdict that the paper writing offered for probate by the propounder, Ricky C. Cockerham, was the last will and testament of his aunt, Lillie C. Jolly. According to all the evidence, the offered paper writing was a photostat of a paper writing, either lost or destroyed, that was properly drafted, executed, and witnessed several years before the testatrix's death and respondent does not contend otherwise. What she does contend is that the evidence presented at trial was not sufficient to establish that the testatrix did not revoke her will. It is well established that when a will last seen in the testator's possession cannot be found at death a rebuttable presumption arises that the will was revoked, *In re Will of Hedgepeth*, 150 N.C. 245, 63 S.E. 1025 (1909); and in order to revoke a will by destroying it the destructive act must be done with the intent to revoke the will. *In re Will of Wall*, 223 N.C. 591, 27 S.E. 2d 728 (1943). Thus, the sole question for determination is whether the propounder presented any competent evidence either that the testatrix did not destroy the will or did not intend to revoke it. In our opinion such evidence was presented.

The propounder's evidence tended to show that: Lillie C. Jolly executed her last will and testament on 20 July 1977 in the office of Jonesville attorney James J. Randleman. The will left all of her property to the propounder in fee simple. She took the executed, witnessed original will with her when she left the lawyer's office and that was the last time it was seen. During the years that followed she told several different relatives, friends and business associates that she had willed all of her property to the propounder and implied that she did so because he had agreed to help her as needed. During those years the propounder was the testatrix's primary caretaker; he made appointments for her and drove her to the doctor, dentist and hospital; he managed

her finances and paid her bills; he often did her grocery shopping and frequently telephoned and visited. After the testatrix was hospitalized in 1979 and returned home he arranged for Linville Norman, another nephew of the testatrix and respondent's son, to stay with her at night, for which Norman was paid $100 per week. Mrs. Jolly never compensated propounder for his services nor expressed any disappointment with him, but on several occasions stated that she was pleased with him, the last time being but a week before her final hospitalization. Around Thanksgiving or Christmas before she died the testatrix gave propounder a stack of personal papers, and the photostat copy of the will offered into evidence was found among them after her death. The only other place the testatrix kept important papers was in a footlocker at the end of her bed. The final time the testatrix became ill the respondent, a sister of the testatrix, was there and called the propounder to come to the house and take her to the hospital. A search of the testatrix's home and footlocker after her death uncovered no sign of the original will. Respondent presented no evidence.

This evidence is sufficient to establish, as the jury found, that the testatrix never changed her mind about leaving her property to the propounder at her death, and that she neither destroyed the will nor intended to revoke it.

No error.

Judges ARNOLD and COZORT concur.