### KNOTE v. NIFONG

[97 N.C. App. 105 (1990)]

TODD W. KNOTE AND WIFE, TAMMY KNOTE, PLAINTIFFS v. ARCHIE TRAVIS NIFONG, DEFENDANT

No. 8922SC27

(Filed 16 January 1990)

**1. Automobiles and Other Vehicles § 89.1 (NCI3d)— motorcycle-truck collision—last clear chance—instruction required**

In an action to recover for injuries sustained in an automobile accident the trial court erred by failing to instruct the jury on the issue of last clear chance where the evidence tended to show that plaintiff was negligent by driving too fast and that he was unable to take action to avoid a collision; defendant, through the exercise of reasonable care, could have seen plaintiff's motorcycle skidding toward his truck, the doctrine not being made inapplicable by the fact that defendant never saw plaintiff; an eyewitness testified that, if defendant had proceeded across the highway a little farther, plaintiff would have been able to get past defendant's truck without striking it; defendant's truck came to a stop in the intersection and defendant took no action to avoid the collision; and plaintiff suffered severe knee injuries as a result of the collision.

**Am Jur 2d, Automobiles and Highway Traffic § 1118.**

**2. Automobiles and Other Vehicles § 90.5 (NCI3d)— automobile accident—excessive speed of plaintiff—instructions proper**

In an action to recover for injuries sustained in an automobile accident the trial court did not err in instructing that plaintiff was traveling over the posted speed limit and in instructing that the jury could find plaintiff contributorily negligent, since one of the eyewitnesses to the collision testified that plaintiff was going 55 or 60 m.p.h.; the investigating officer testified that plaintiff told him a couple of hours after the accident that he was going about 60 m.p.h.; and the posted speed limit at the accident scene was 55 m.p.h.

**Am Jur 2d, Automobiles and Highway Traffic §§ 218, 627, 1112.**

APPEAL by plaintiffs from Judgment entered by *Judge Ralph A. Walker* on 18 August 1988 in DAVIDSON County Superior Court. Heard in the Court of Appeals 29 August 1989.

*Barnes, Grimes & Bunce, by Jerry B. Grimes and D. Linwood Bunce, II, for plaintiff appellants.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by D. Clark Smith, Jr., and Stephen W. Coles, for defendant appellee.*

COZORT, Judge.

This case involves a collision between plaintiff's motorcycle and defendant's pickup truck, which pulled out in front of plaintiff. The jury found that defendant was negligent and that plaintiff was contributorily negligent. The dispositive issue on appeal is whether the trial court erred in failing to submit the issue of last clear chance for the jury's consideration. We find error, and we remand the cause for a new trial.

The plaintiff's evidence tends to show that the plaintiff, Todd Knote, was riding his motorcycle to work at approximately 6:30 a.m. on 27 August 1986. Plaintiff was proceeding north on U.S. Highway 52 in northern Davidson County. The portion of the highway over which plaintiff had been traveling was a two-lane highway. As plaintiff approached the intersection of Enterprise Road to his left, Highway 52 changed to a four-lane highway, with two lanes running in each direction. Ahead of plaintiff, three or four vehicles pulled out from Enterprise Road and proceeded north, the same direction in which plaintiff was traveling, on Highway 52. All of the vehicles pulled into the right-hand lane. Plaintiff moved his motorcycle into the left-hand lane to pass those vehicles. The estimates of plaintiff's speed varied from 50 m.p.h. to 60 m.p.h. The posted speed limit on that portion of the highway was 55 m.p.h. The roadway was straight and there were no obstructions to impair vision. Farther north and on plaintiff's right was Thomas Road, and across Highway 52 from Thomas Road was a ramp leading to new Highway 52, a four-lane highway. The northbound portion of Highway 52, upon which plaintiff was traveling, became three lanes just prior to the Thomas Road intersection, with a left-turn-only lane on the left, a middle lane, and a right-hand lane.

As plaintiff approached this intersection while going past the cars in the right-hand lane, he saw defendant's pickup truck stopped at the stop sign on Thomas Road. Plaintiff then observed defendant's truck pull out of Thomas Road and proceed across Highway 52 in front of plaintiff. Defendant's truck cleared the right-hand lane but then stopped, blocking portions of the middle lane in

KNOTE v. NIFONG

[97 N.C. App. 105 (1990)]

which plaintiff was traveling and the left-turn-only lane. Plaintiff attempted to slow down to avoid defendant's truck. He then locked his brakes to try to avoid a collision. At the time he began trying to stop, he was just about even with, or possibly a slight distance ahead of, the lead car in the right-hand lane. Plaintiff was unable to stop his motorcycle or avoid the truck by moving farther to his right. Plaintiff's motorcycle struck the defendant's truck near the rear bumper, causing injuries to plaintiff.

The driver of the lead vehicle in the right-hand lane testified that the truck was completely stopped when plaintiff hit it. The driver of a vehicle who was traveling behind plaintiff in the middle lane testified that plaintiff did not have room to get around the truck. He also testified that if defendant had moved a little farther across the highway, plaintiff would have been able to get by. He testified that plaintiff tried to avoid the pickup but was unable to do so.

Defendant testified that he stopped when he came to the intersection of Thomas Road and Highway 52. He looked to his left and saw the cars in the right-hand lane but did not see anything in the other lanes. He proceeded across the highway and was almost across the second lane when he heard a noise like a "softball" hitting his truck. He did not know what had hit him. He never saw plaintiff. He testified that his truck never completely stopped as he proceeded across Highway 52. Defendant introduced testimony from a State Highway Patrol trooper that plaintiff told the trooper shortly after the accident that he was going about 60 m.p.h.

[1] Plaintiff contends the trial court erred by failing to instruct the jury on the issue of last clear chance. We agree.

The doctrine of last clear chance provides as follows:

A plaintiff is entitled to an instruction on last clear chance when the evidence considered in the light most favorable to the plaintiff establishes each and every element of the doctrine, which are the following: (1) plaintiff, by his own negligence, placed himself in a position of peril from which he could not escape; (2) defendant saw, or by the exercise of reasonable care should have seen and understood, the perilous position of plaintiff; (3) defendant had the time and the means to avoid the accident if defendant had seen or discovered plaintiff's perilous position; (4) the defendant failed or refused to use

every reasonable means at his command to avoid impending injury to plaintiff; and (5) plaintiff was injured as a result of defendant's failure or refusal to avoid impending injury. *Wray v. Hughes*, 44 N.C. App. 678, 262 S.E.2d 307, *disc. rev. denied*, 300 N.C. 203, 269 S.E.2d 628 (1980).

*Pegram v. Pinehurst Airlines, Inc.*, 79 N.C. App. 738, 740, 340 S.E.2d 763, 765 (1986).

The evidence in the case below satisfies the first element, that is, that plaintiff was negligent by driving too fast and that he was unable to take action to avoid a collision. There was evidence from eyewitnesses that plaintiff did not have enough room to move over into the right-hand lane to avoid the collision.

The second element is satisfied by the evidence which, taken in the light most favorable to plaintiff, shows that defendant, through the exercise of reasonable care, could have seen the plaintiff skidding toward defendant's truck. The doctrine is not made inapplicable by the fact that defendant never saw plaintiff. There was plenary evidence that the defendant *could* have seen plaintiff.

The third element is established by plaintiff's testimony from an eyewitness that, if defendant had gone a little farther, plaintiff would have been able to get by defendant's truck. We also note that, at oral argument, counsel for defendant admitted that defendant might have been able to avoid the collision if he had "gassed it" and moved on across the intersection.

The fourth element is satisfied by plaintiff's evidence that defendant's truck came to a stop in the intersection and that defendant took no action to avoid the collision. The final element of the doctrine has been satisfied by the plaintiff's evidence which showed that he suffered severe knee injuries as a result of the collision.

In his definitive opinion on the doctrine of last clear chance, Justice Lake observed the following:

[I]t is well established in this State that where the defendant does owe the plaintiff the duty of maintaining a lookout and, had he done so, could have discovered the plaintiff's helpless peril in time to avoid injuring him by then exercising reasonable care, the doctrine of the last clear chance does impose liability if the defendant failed to take such action to avoid the in-

KNOTE v. NIFONG

[97 N.C. App. 105 (1990)]

jury. *Wanner v. Alsup*, 265 N.C. 308, 144 S.E.2d 18; *Wade v. Jones Sausage Co.*, 239 N.C. 524, 80 S.E.2d 150.

*Exum v. Boyles*, 272 N.C. 567, 576, 158 S.E.2d 845, 853 (1968). We find the evidence below sufficient to invoke the doctrine of last clear chance, and we find the trial court erred in failing to instruct on that doctrine. The cause must be remanded for a new trial.

[2] The plaintiff has raised two other issues which may arise upon a new trial, and we shall discuss them briefly here. Plaintiff contends that it was error for the trial court (1) to instruct that plaintiff was traveling over the posted speed limit and (2) to instruct the jury that they could find the plaintiff committed contributory negligence. We find no merit to these arguments. One of the eyewitnesses to the collision testified that plaintiff was doing 55 or 60 m.p.h. Also, the State Highway Patrol trooper who investigated the accident testified that plaintiff told him a couple of hours after the accident that he was going about 60 m.p.h. We find this evidence sufficient to support an instruction to the jury that it could find that plaintiff was traveling more than 55 m.p.h. Likewise, it would support an instruction to the jury that it could find plaintiff to be contributorily negligent.

Plaintiff has also argued that the trial court erred in a reinstruction to the jury on the issue of proximate cause. We do not find this issue likely to occur at retrial, and we decline to discuss it here.

For the reasons expressed, we remand the cause for a

New trial.

Judges ARNOLD and BECTON concur.