IN THE MATTER OF THE WILL OF HECTOR CORNELIUS McFAYDEN

No. COA04-1585-2

(Filed 3 October 2006)

## 1. Appeal and Error— appealability—cross-appeals—final judgment on merits—timeliness

Propounder's cross-appeal of the denial of his motion to dismiss based on lack of subject matter jurisdiction was no longer an appeal from an interlocutory order once there was a final judgment on the merits of the case. Based upon N.C. R. App. P. 3, propounder's filing of a notice of cross-appeal on 1 July 2004 appealing the prior denial of N.C.G.S. § 1A-1, Rules 12(b)(1), 12(b)(6), and 12(c) motions meant his appeal was no longer an appeal from an interlocutory order because the 28 May 2004 judgment was a final judgment as to all parties and issues. Further, propounder's appeal of the denial of an N.C.G.S. § 1A-1, Rule 12(b)(1) motion to dismiss based on caveators' lack of standing to bring a caveat was timely, properly preserved, and argued in his brief.

## 2. Wills— caveat proceeding—subject matter jurisdiction—standing

The trial court did not err in a will caveat proceeding by denying propounder's motion to dismiss based on lack of subject matter jurisdiction, because caveators had standing to initiate the caveat pursuant to N.C.G.S. § 31-32 since: (1) caveators presented evidence that testator executed a will on 15 February 2002 in which they were listed as devisees, and that they were not included as devisees in testator's 1995 will which was admitted to probate as testator's last will and testament; and (2) caveators thus presented sufficient evidence to demonstrate that they

**IN RE WILL OF McFAYDEN**

[179 N.C. App. 595 (2006)]

would be affected detrimentally by the probate of testator's 1995 will.

**3. Appeal and Error— preservation of issues—failure to cite authority**

Caveators' third argument in a will caveat proceeding is dismissed because caveators failed to cite authority supporting this argument as required by N.C. R. App. P. 28(b)(6).

**4. Wills— caveat proceeding—motion to trifurcate and sever issues—abuse of discretion standard**

The trial court did not abuse its discretion in a will caveat proceeding by granting propounder's motion to trifurcate and sever the issues as presented to the jury, because: (1) the issues concerning the validity of a 1995 will and the revocation of a 2002 will were separate, distinct, and compartmentalized; (2) the resolution of the validity of one will would not be determinative of the validity of the other, and thus, it was not manifestly unreasonable to try the 1995 will first; and (3) the submission of the 1995 will referring to the last will and testament of the deceased was not error when the only issue decided by the jury was the validity of the 1995 will, and had the jury subsequently found that the 2002 will was valid, then the determination would have operated as a matter of law to revoke the 1995 will.

**5. Wills— caveat proceeding—directed verdict**

The trial court erred in a will caveat proceeding by granting propounder's motion for directed verdict under N.C.G.S. § 1A-1, Rule 50, because: (1) caveators offered four witnesses regarding a 2002 will to rebut the presumption that testator revoked the 2002 will and to show that testator did not intend to revoke the 2002 will; (2) there was evidence that someone moved testator's 1995 will after his death; and (3) the evidence was sufficient to establish facts and circumstances that show testator did not intend to lose or destroy the 2002 will due to his own actions or by any other person by his direction and consent.

Appeal by caveators, Simon A. Burney and wife, Mary J. Burney and Mary Elizabeth Sherill, aligned with caveators, from an order and judgments entered 28 May 2004 by Judge Gregory A. Weeks in Cumberland County Superior Court. Appeal by propounder of the Last Will and Testament, Mickey Jackson, from an order entered 25 March 2004 by Judge Knox V. Jenkins, Jr. Appeals heard in the Court

**IN RE WILL OF McFAYDEN**

[179 N.C. App. 595 (2006)]

of Appeals 18 August 2005. Opinion filed 1 August 2006. Petition for rehearing granted in part 3 October 2006, reconsidering issue one of propounder-appellee's petition without the filing of additional briefs and without oral argument. The following opinion supersedes and replaces the opinion filed 1 August 2006.

> *Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence for caveators-appellants.*

> *McCoy, Weaver, Wiggins & Cleveland, PLLC, by Jim Wade Goodman for intervenors-appellees.*

> *Ward and Smith, P.A., by George K. Freeman, Jr. and Alexander C. Dale for propounder-appellee.*

JACKSON, Judge.

Simon A. Burney and his wife, Mary J. Burney ("caveators"), appeal from the trial court's judgments entered 28 May 2004 that ordered trifurcation of the jury trial of the caveat proceeding and granted directed verdict in favor of Mickey Jackson ("propounder").

On 8 August 2003, Hector Cornelius McFayden ("testator") died of natural causes at the age of seventy-six. Caveators are testator's neighbors and propounder is testator's cousin. Mary Sherrill ("alignor") is testator's sister and aligns with caveators. Patricia Hall Nunalee and June Hall Ransbotham ("intervenors") are testator's cousins and argue for affirmation of the trial court's directed verdict.

Two wills are contested here: one, executed on 30 January 1995 ("1995 will") devises all of testator's property to propounder; and the other executed on 15 February 2002 ("2002 will") devises all of testator's property to caveators. Propounder admitted the original 1995 will to probate. The evidence shows that only a copy of the 2002 will could be found.

Caveators initiated the present action to set aside testator's 1995 will. In the caveat, caveators contend that the 1995 will is not testator's last will and testament, and that testator duly executed his last will and testament on 15 February 2002 in the law offices of MacRae, Perry, Williford, MacRae & Hollers, L.L.P. Caveators argue that the drafting attorney instructed testator to place his original 2002 will in a safe deposit box and to destroy the 1995 will. Upon testator's death and after a diligent search, the original 2002 will could not be

found. Caveators filed an application for Probate of Lost Will on 19 March 2004.

Propounder answered the caveat and filed motions to dismiss the caveat proceeding pursuant to North Carolina Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). Propounder argued that caveators lacked standing to file the caveat. On 25 March 2004, the trial court denied propounder's motions.

On 12 April 2004, propounder filed a motion to trifurcate the caveat proceeding for separate trials. The trial court granted propounder's motion, and ordered that the jury trial be presented in three phases as follows:

Phase I: Is the paper-writing, dated January 30, 1995, the Last Will of Hector Cornelius McFayden?

Phase II: Did Hector Cornelius McFayden destroy the original of the paper-writing, dated February 15, 2002?

Phase III: Issue One: Is the paper-writing, dated February 15, 2002, the Last Will of Hector Cornelius McFayden? Issue Two: Did Hector Cornelius McFayden lack sufficient mental capacity to make and execute a Will at the time the paper-writing, dated February 15, 2002, was executed? Issue Three: Was the execution of the paper-writing, dated February 15, 2002, procured by undue influence?

The trial court conducted Phase I of the caveat proceeding on 12 April 2004, during which the jury found that the 1995 will was testator's last will and testament. During Phase II, at the conclusion of caveators' evidence, propounder moved for directed verdict on the grounds that caveators failed to present sufficient evidence to go to the jury on Phase II. The trial court granted propounder's motion, and caveators moved the trial court to stop the trial, release the jury, and certify its directed verdict on the issue in Phase II for immediate appeal to this Court. On 28 May 2004, the Honorable Gregory A. Weeks entered an order that caveators did not present sufficient evidence on the issue of whether testator destroyed the original 2002 will with the intention of revoking it, and that testator revoked the 2002 will by destroying the original 2002 will with the intention of revoking it. Caveators appealed from the trial court's judgments on 24 June 2004, and propounder filed a notice of appeal on 1 July 2004, appealing the denial of his motions to dismiss.

**[1]** It is well established in our state's caselaw that a denial of a party's motion to dismiss made pursuant to Rule 12(b)(6) is not reviewable on appeal following a final judgment on the merits of the case. *See Pierce v. Reichard*, 163 N.C. App. 294, 297, 593 S.E.2d 787, 789 (2004); *Shadow Grp., LLC v. Heather Hills Home Owners Ass'n,* 156 N.C. App. 197, 199, 579 S.E.2d 285, 286 (2003); *Berrier v. Thrift*, 107 N.C. App. 356, 359, 420 S.E.2d 206, 208 (1992); *Shingledecker v. Shingledecker*, 103 N.C. App. 783, 786-87, 407 S.E.2d 589, 591 (1991); *Drain v. United Services Life Ins. Co.*, 85 N.C. App. 174, 176, 354 S.E.2d 269, 271 (1987); *Duke University v. Stainback*, 84 N.C. App. 75, 77, 351 S.E.2d 806, 807, *aff'd*, 320 N.C. 337, 357 S.E.2d 690 (1987); *In re Baby Boy Shamp*, 82 N.C. App. 606, 612, 347 S.E.2d 848, 851-52 (1986); *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 682-83, 340 S.E.2d 755, 758-59, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986). In *Concrete Service Corp.*, this Court stated that " '[i]t is an almost universal rule that a verdict will cure defects in the pleadings unless the substantial rights of the adverse party have been prejudiced.' " 79 N.C. App. at 682, 340 S.E.2d at 758 (quoting 5 Am. Jur. 2d *Appeal & Error* § 795 (1962)).

Similarly, the denial of a motion for summary judgment also is not reviewable on an appeal from a final judgment on the merits. *Indiana Lumbermen's Mutual Ins. Co. v. Champion*, 80 N.C. App. 370, 378, 343 S.E.2d 15, 20 (1986) (quoting *Harris v. Walden*, 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985)); *see also, Duke University*, 84 N.C. App. at 77, 351 S.E.2d at 807. When matters outside the parties' pleadings are presented to and considered by the trial court for a party's motion for judgment on the pleadings, the motion will be treated as a motion for summary judgment. N.C. Gen. Stat. § 1A-1, Rule 12(c). Given the similar nature of motions for judgment on a pleading and for summary judgment, we hold that the denial of a motion for judgment on the pleadings also is not reviewable on appeal following the rendering of a final judgment on the merits. *See Duke University*, 84 N.C. App. at 77, 351 S.E.2d at 807-08.

In *Concrete Service Corp.*, this Court noted that although the denial of a Rule 12(b)(6) motion may not be reviewable on appeal of a final judgment, this holding does not apply to cases in which the trial court has denied a motion based on jurisdictional grounds. 79 N.C. App. at 682, 340 S.E.2d at 758. The question of subject matter jurisdiction may be raised at any time, and while the denial of a motion to dismiss pursuant to Rule 12(b)(1) is interlocutory, an appeal of the denial is no longer interlocutory once there has been a

final judgment on the merits of the case. *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982). Thus, propounder's cross-appeal on the denial of his motion to dismiss for a lack of subject matter jurisdiction is no longer interlocutory, and may be brought before this Court, provided that his appeal of the denial is timely.

In the instant case, propounder's motions to dismiss the caveators' action pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) were denied on 25 March 2004. The denial of the motions was not a final judgment as to all parties and issues, and was not certified for immediate appeal pursuant to Rule 54. Thus, an appeal based upon the denial of the motions would have been interlocutory.

The case went to trial, and a final judgment was entered on 28 May 2004 granting directed verdict in favor of propounder. Caveators filed their notice of appeal on 24 June 2004. Based upon Rule 3(c) of our appellate rules, propounder filed notice of cross-appeal on 1 July 2004, appealing the prior denial of his Rule 12(b)(1), 12(b)(6), and 12(c) motions, as the 28 May 2004 judgment was a final judgment as to all parties and issues, and his appeal was no longer interlocutory.[1]

In order to preserve the issue in his appeal, propounder preserved his appeal by assigning error to and presenting arguments that the trial court erred in denying his motions to dismiss based on caveators' lack of standing to bring a Caveat. Therefore, propounder's appeal of the denial of the Rule 12(b)(1) motion was timely, properly preserved and argued in his brief, and thus is properly before this Court.

[2] Propounder's motion to dismiss for lack of subject matter jurisdiction argues that Caveators lack standing to bring the Caveat. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16, *disc. review denied*, 359 N.C. 632, 613 S.E.2d 688 (2005). North Carolina General Statutes, section 31-32 provides that

> At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years there-

---

1. As stated previously, propounder's appeal of the denial of his motions pursuant to Rules 12(b)(6) and 12(c) are not reviewable on an appeal of a final judgment, therefore we address only the denial of motion pursuant to Rule 12(b)(1).

after, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will[.]

N.C. Gen. Stat. § 31-32 (2003). Our caselaw has held that a person "interested in the estate" "must have some pecuniary or beneficial interest in the estate that is detrimentally affected by the will." *In re Calhoun*, 47 N.C. App. 472, 475, 267 S.E.2d 385, 386 (1980). In the Caveat filed 7 October 2003, caveators presented evidence that testator executed a will on 15 February 2002, in which they were listed as devisees. However, caveators were not included as devisees in testator's 1995 will, which was admitted to probate as testator's last will and testament. As caveators presented sufficient evidence to demonstrate that they would be affected detrimentally by the probate of testator's 1995 will, when there was evidence that testator executed a subsequent will in 2002, we hold caveators had standing to initiate the Caveat pursuant to North Carolina General Statutes, section 31-32. Therefore, there was not a lack of subject matter jurisdiction, and propounder's motion to dismiss for a lack of subject matter jurisdiction was properly denied.

On appeal, caveators present three issues: (1) whether the trial court erred in granting propounder's motion to trifurcate; (2) whether the trial court erred in granting propounder's directed verdict; and (3) whether the trial court erred by not allowing testimony regarding testator's mental capacity.

[3] The scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal. N.C. R. App. P. 10 (2006). Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned. N.C. R. App. P. 28(b)(6) (2006). Caveators failed to cite authority supporting their third argument. For this reason, caveators' third argument is not properly before us.

[4] The first issue is whether the trial court erred in granting propounder's motion to trifurcate and sever the issues as presented to the jury.

The trial court trifurcated the proceedings into separate phases. In the first phase, the jury decided that the first will, executed in 1995, was a valid will. Subsequently, the later will, executed in 2002 was tried before the same jury in the second phase of the trial.

**IN RE WILL OF McFAYDEN** ·

[179 N.C. App. 595 (2006)]

Pursuant to the provisions of Rule 42(b) of the North Carolina Rules of Civil Procedure, it was with the trial court's discretion to trifurcate the proceedings. N.C. Gen. Stat. § 1A-1, Rule 42(b) (2005). This decision is reviewed under an abuse of discretion standard. *Roberts v. Young*, 120 N.C. App. 720, 725, 464 S.E.2d 78, 82 (1995). In this case, it is clear that the issues concerning the validity of the 1995 will and the revocation of the 2002 will were separate, distinct and compartmentalized. Therefore, the trial court did not abuse its discretion in severing these trials.

The decision to try the issues pertaining to the 1995 will prior to the 2002 will also was within the sound discretion of the trial court. An abuse of discretion occurs only when the trial court's ruling is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998). In this case, the trial court eventually would have to decide the validity of both the 1995 and the 2002 wills. The resolution of the validity of one will would not be determinative of the validity of the other. This being the case, it was not manifestly unreasonable to try the 1995 will first.

The submission of the issue to the jury as to the 1995 will referring to the last will and testament of the deceased was not error. The only issue to be decided by the jury was the validity of the 1995 will. Nothing else was submitted to the jury during the first phase of the trial. Had the jury subsequently found that the 2002 will was a valid will, then that determination would have operated as a matter of law to revoke the 1995 will, rendering the jury verdict in the first phase of the trial moot.[2] Accordingly, we hold that the trial court did not abuse its discretion, and this assignment of error is overruled.

**[5]** The second issue on appeal is whether the trial court erred in granting propounder's directed verdict because caveators failed to present sufficient evidence to rebut the presumption of revocation of testator's 2002 will.

"A motion for directed verdict under N.C.G.S. § 1A-1, Rule 50 [(2005)], presents the question whether as a matter of law the evidence is sufficient to entitle the nonmovant to have a jury decide the issue." *In re Will of Jarvis*, 334 N.C. 140, 143, 430 S.E.2d 922, 923 (1993). In ruling on such a motion the trial court must consider the

---

2. The purported 2002 will contains the following language, "I do hereby revoke all former wills made by me and do hereby make, publish and declare this to be my Last Will and Testament."

evidence in the light most favorable to the nonmovant, resolving all conflicts in the evidence in their favor and giving them the benefit of all favorable inferences that reasonably may be deduced from the evidence. *Id.* "If the evidence is sufficient to support each element of the nonmovant's case, the motion for directed verdict should be denied." *Id.* "The credibility of the testimony is [a question] for the jury, not the court, and a genuine issue of fact must be tried by a jury unless this right is waived." *Id.*

Pursuant to North Carolina General Statutes, section 31-5.1 (2005),

[a] written will, or any part thereof, may be revoked only (1) [b]y a subsequent written will or codicil or other revocatory writing executed in the manner provided herein for the execution of written wills, or (2) [b]y being burnt, torn, canceled, obliterated, or destroyed, with the intent and for the purpose of revoking it, by the testator himself or by another person in the presence and by his direction.

N.C. Gen. Stat. § 31-5.1 (2005). In North Carolina, "[i]t is well established that when a will last seen in the testator's possession cannot be found at death a rebuttable presumption arises that the will was revoked[.]" *In re Will of Jolly*, 89 N.C. App. 576, 577, 366 S.E.2d 600, 601 (1988). In order to revoke a will by destroying it, the destructive act must be done with the intent to revoke the will. *Id.* (citing *In re Will of Wall*, 223 N.C. 591, 27 S.E.2d 728 (1943)). "The presumption, however, that the testator destroyed the paper with the intent to revoke it as his will is not one of law but of fact, and may be rebutted by evidence of facts and circumstances showing that its loss or destruction was not or could not have been due to the act of the testator or that of any other person by his direction and consent." *In re Will of Wall*, 223 N.C. at 593, 27 S.E.2d at 730. "[A]s soon as the circumstances attendant upon the disappearance of the paper are made to appear, the presumption loses its potency and the issue becomes one for the jury." *In re Will of Wall*, 223 N.C. at 595-96, 27 S.E.2d at 731. Thus, it is critical to determine whether caveators presented any competent evidence either that testator did not destroy the will or did not intend to revoke it.

Here, caveators offered four witnesses regarding the 2002 will to rebut the presumption that testator revoked the 2002 will and that testator did not intend to revoke the 2002 will. First, James C. McRae, Jr. ("McRae"), testator's attorney, testified that he gave the original

IN RE WILL OF McFAYDEN

[179 N.C. App. 595 (2006)]

and a copy of the 2002 will to testator in an envelope on the day testator executed the 2002 will. McRae testified that testator never mentioned any subsequent desire to change his will. Second, Mary Sherrill Winks ("Winks"), testator's niece, testified that propounder had access to testator's house after testator's death. Third, Glenn Lane ("Lane"), testator's friend, testified that testator told him that he had made a new will in 2002, and that the 2002 will "would be a big surprise." Finally, propounder testified that he had gone to testator's house on 12 August 2003 with McRae to find the original 2002 will. Propounder testified that on the day after testator went to the hospital, propounder obtained keys to testator's home from Lane, applied his own lock to the home, and went through the house to secure the firearms, although he denied going to testator's home to look for papers. In contrast, Lane testified that propounder had told him that he needed to get some papers from the home, and was not able to find the papers in the brown envelope. Furthermore, Lane testified that propounder stated that he would need to have his wife return to testator's house to locate the brown envelope. Lane stated that he saw propounder coming out of testator's house at around 7:00 a.m. the morning after he obtained testator's house keys. There also is evidence that someone moved testator's 1995 will after his death.

This evidence is sufficient to establish facts and circumstances that show testator did not intend to lose or destroy the 2002 will. In viewing the evidence in the light most favorable to caveators, caveators presented evidence of facts and circumstances that the loss or destruction of the 2002 will was not or could not have been due to the act of the testator or that of any other person by his direction and consent. The four witnesses' testimony provided circumstances attendant upon the disappearance of the 2002 will, and their testimony presented facts and circumstances sufficient to allow the issue to become one for the jury. Thus, caveators presented a genuine issue of fact to be presented to the jury. Accordingly, we affirm in part and reverse and remand in part.

Affirmed in part; Reversed in part and Remanded.

Judges HUDSON and STEELMAN concur.