An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-919

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

GLORIA POOLE JERNIGAN,
    Plaintiff,

v.

CARMEN BRYANT TART,
    Defendant.

Johnston County
No.  11-CVS-0987

Appeal by plaintiff from Judgment entered 28 December 2012 by Judge Shannon Joseph in Superior Court, Johnston County. Heard in the Court of Appeals 9 January 2014.

>    *Ryan McKaig Attorney at Law PLLC, by Ryan McKaig, for plaintiff-appellant.*

>    *Cranfill Sumner & Hartzog LLP, by George L. Simpson, IV, for defendant-appellee.*

STROUD, Judge.

Gloria Jernigan ("plaintiff") appeals from the judgment entered 28 December 2012 after a jury found that she was barred from recovery on her negligence claim due to her own contributory negligence. For the following reasons, we order a new trial.

I.   Background

On 24 March 2011, plaintiff filed a complaint in Johnston County alleging that Carmen Tart ("defendant") had negligently caused her to collide with defendant's vehicle by driving into plaintiff's path. Defendant answered, admitting that the collision occurred, but denying her negligence, and asserting that plaintiff was contributorily negligent. Plaintiff filed a reply to defendant's answer alleging that, even assuming plaintiff were contributorily negligent, defendant had the last clear chance to avoid the collision. The case was tried by jury in superior court on 12 and 13 December 2012.

The evidence at trial tended to show that on the afternoon of 28 June 2008, plaintiff was traveling west along Woods Crossroads Road, near Benson. Plaintiff, driving a red 1997 Pontiac, testified that she was traveling at 45 miles per hour. Clifford Coffey, who was driving the opposite direction down Woods Crossroads, estimated her speed at 55-65 miles per hour. The speed limit on that section of Woods Crossroads was 55 miles per hour. Defendant, driving a 1997 Chevrolet pickup truck, pulled up to the stop sign at the intersection of Woods Crossroads and Beasley Road, heading south.

Plaintiff testified that she saw defendant stopped at the Beasley Road stop sign, but that defendant did not appear to

move into the intersection until plaintiff was already in the intersection herself. She said that defendant "darted out" in front of her so quickly that she did not have time to apply the brakes. Plaintiff collided with defendant in the intersection, hitting defendant's truck on the back half of the vehicle.

Defendant testified by deposition, which was introduced at trial, that she looked left, right, then left again before pulling into the intersection. She said that she did not see plaintiff's car until after she had pulled into the intersection and that when she first saw plaintiff's car it just appeared as a red dot in the distance. Wendy Macauley testified that she had pulled up behind defendant while defendant was still stopped at the stop sign. Ms. Macauley said that when she looked to the left she saw plaintiff's car before defendant pulled her truck into the intersection. Defendant testified that she initially proceeded through the intersection slowly, but that once she saw plaintiff coming toward the intersection, she decided to accelerate to avoid a collision.

After the close of all the evidence, the parties had a charge conference with the trial court. Plaintiff did not request an instruction on the doctrine of last clear chance during the conference. The following morning, before the trial

court instructed the jury, plaintiff did request an instruction on last clear chance. The trial court denied that request and instructed the jury on negligence and contributory negligence, but omitted an instruction on last clear chance. The jury found that defendant had negligently caused the collision, but that plaintiff was also negligent, and that her negligence contributed to her injury. It therefore awarded plaintiff no recovery. The trial court entered final judgment consistent with the jury's verdict on 28 December 2012. Plaintiff filed written notice of appeal to this Court on 22 January 2013.

## II. Jury Instructions

Plaintiff argues that the trial court erred in refusing to instruct the jury on the last clear chance doctrine because there was evidence from which the jury could have reasonably concluded that even if defendant successfully showed contributory negligence, defendant had the last clear chance to avoid the collision. We agree.

A. Standard of Review

> When reviewing the refusal of a trial court to give certain instructions requested by a party to the jury, this Court must decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim. If the instruction is supported by such

> evidence, the trial court's failure to give the instruction is reversible error.

*King v. Brooks*, \_\_\_ N.C. App. \_\_\_, \_\_\_, 736 S.E.2d 788, 792 (2012) (citation and quotation marks omitted), *disc. rev. denied*, \_\_\_ N.C. \_\_\_, 743 S.E.2d 195 (2013).

B.   Analysis

> The last clear chance doctrine is a rule of proximate cause that allows a contributorily negligent plaintiff to recover where the defendant's negligence in failing to avoid the accident introduces a new element into the case, which intervenes between the plaintiff's negligence and the injury and becomes the direct and proximate cause of the accident.

*Outlaw v. Johnson*, 190 N.C. App. 233, 238, 660 S.E.2d 550, 556 (2008) (citation, quotation marks, and brackets omitted).

The elements of the last clear chance doctrine are:

> (1) that the plaintiff negligently placed himself in a position of helpless peril; (2) that the defendant knew or, by the exercise of reasonable care, should have discovered the plaintiff's perilous position and his incapacity to escape from it; (3) that the defendant had the time and ability to avoid the injury by the exercise of reasonable care; (4) that the defendant negligently failed to use available time and means to avoid injury to the plaintiff and (5) as a result, the plaintiff was injured.

*Parker v. Willis*, 167 N.C. App. 625, 627, 606 S.E.2d 184, 186 (2004), *disc. rev. denied*, 359 N.C. 411, 612 S.E.2d 322 (2005).

"The question of last clear chance must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine." *Outlaw*, 190 N.C. App. at 238, 660 S.E.2d at 556 (citation and quotation marks omitted).

Therefore, we must decide whether there was sufficient evidence, taken in the light most favorable to plaintiff, of each element of the last clear chance doctrine. Defendant primarily asserts that plaintiff was not entitled to an instruction on last clear chance doctrine because she failed to present sufficient evidence of the first element.

> The first element of last clear chance is satisfied upon a showing that a plaintiff has placed himself in a position of either helpless or inadvertent peril. A plaintiff is in a position of helpless peril when that plaintiff's prior contributory negligence has placed her in a position from which she is powerless to extricate herself. . . . However, if a plaintiff observes an approaching vehicle but fails to extricate himself from the dangerous position despite having the time and ability to do so, he has not placed himself in a position of helpless or inadvertent peril.

*Id.* at 238-39, 660 S.E.2d at 556 (citation and quotation marks omitted).

This case is controlled by *Knote v. Nifong*, 97 N.C. App. 105, 387 S.E.2d 185, *disc. rev. denied*, 326 N.C. 597, 393 S.E.2d

879 (1990). In that case, there was evidence that the plaintiff was riding his motorcycle north along the highway at a speed in excess of the posted limit. *Knote*, 97 N.C. App. at 106, 387 S.E.2d at 186. The defendant approached the highway from a cross-street and pulled across the highway, but stopped in the middle, blocking plaintiff's travel lane. *Id.* Plaintiff applied his brakes to try to avoid the collision, but was unable to stop in time. *Id.* at 107, 387 S.E.2d at 186. We held that the evidence satisfied the first element of last clear chance because it showed that plaintiff was "driving too fast and that he was unable to take action to avoid a collision." *Id.* at 108, 387 S.E.2d at 187.

Here, two witnesses testified that plaintiff was speeding, though plaintiff denied it. Plaintiff testified that defendant "darted out" in front of her when she reached the intersection and that she "didn't have time to put [her] foot on the brake." The highway on which plaintiff was traveling had one lane in each direction. Like in *Knote*, there was evidence, taken in the light most favorable to plaintiff, from which a reasonable juror could conclude that plaintiff was driving too fast, and that she was unable to brake and avoid the collision once defendant

"darted out in front of [her]." Therefore, there was sufficient evidence on the first element of last clear chance.

Further, there was evidence, taken in the light most favorable to plaintiff, from which a reasonable juror could conclude that defendant saw, or should have seen, plaintiff and recognized that she was speeding toward the intersection. Ms. Macauley testified that she was stopped behind defendant on Beasley Road and that from where she was sitting she saw plaintiff's red car coming down Woods Crossing before defendant pulled into the intersection. It is immaterial that defendant testified that she did not see plaintiff until after she was in the intersection because there was "evidence that the defendant *could* have seen plaintiff." *Id.* Therefore, there was sufficient evidence to satisfy the second element.

There was also sufficient evidence to support a reasonable inference of each additional element. As to the third element, there was evidence from which a reasonable juror could conclude that defendant had the time and means to avoid the accident. Defendant could have avoided the accident by remaining stopped at the stop sign rather than proceeding into the intersection. There was nothing forcing defendant to cross the intersection when she did. The fourth element is satisfied by evidence that

despite her ability to see that plaintiff was speeding down the highway, defendant negligently decided to risk injury by nonetheless proceeding into the intersection. Finally, there is no dispute that plaintiff was injured as a result of this collision. Therefore, there was evidence sufficient to satisfy the fifth element of the last clear chance doctrine as well.

We conclude that plaintiff presented sufficient evidence to warrant an instruction on the last clear chance doctrine. The question is not whether plaintiff's position is supported by the weight of the evidence, but whether "the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine." *Outlaw*, 190 N.C. App. at 238, 660 S.E.2d at 556 (citation and quotation marks omitted). Plaintiff's testimony that defendant "darted out in front of her" with little time or warning such that plaintiff was unable to brake in time to avoid the accident is sufficient to support a reasonable inference of each essential element of the last clear chance doctrine. Therefore, we hold that the trial court erred in refusing to instruct the jury on last clear chance and order a new trial.

III. Motion to Dismiss Contributory Negligence Affirmative Defense

Plaintiff argues that the trial court erred in denying her motion under Rule 12(b)(6) to dismiss defendant's affirmative defense of contributory negligence on the basis that the answer failed to set forth the affirmative defense with sufficient specificity under N.C. Gen. Stat. § 1A-1, Rule 8(c). The denial of a Rule 12(b)(6) motion is generally not appealable. An order denying a motion to dismiss under Rule 12(b)(6) is an interlocutory order which may not be immediately appealed. *Block v. County of Person*, 141 N.C. App. 273, 276, 540 S.E.2d 415, 418 (2000). Further, the "denial of a party's motion to dismiss made pursuant to Rule 12(b)(6) is not reviewable on appeal following a final judgment on the merits of the case." *In re Will of McFayden*, 179 N.C. App. 595, 599, 635 S.E.2d 65, 68 (2006), *disc. rev. denied*, 361 N.C. 694, 653 S.E.2d 880 (2007). Therefore, we dismiss this portion of plaintiff's appeal.

## IV. Conclusion

For the foregoing reasons, we hold that the trial court erred in refusing to instruct the jury on the last clear chance doctrine. We dismiss plaintiff's appeal from the trial court's denial of her 12(b)(6) motion.

NEW TRIAL; DISMISSED in part.

Judges HUNTER, JR., Robert N. and DILLON concur.

Report per Rule 30(e).